NATIONAL AUTO TRUCKSTOPS, INC., Plaintiff-
Appellant-Petitioner,

v.

STATE of Wisconsin, DEPARTMENT OF TRANSPORTA-
TION, Defendant-Respondent.

Supreme Court

*No. 02–1384. Oral argument May 28, 2003.—
Decided July 8, 2003.*

2003 WI 95

(Also reported in 665 N.W.2d 198.)

For the plaintiff-appellant-petitioner there were briefs by *Diane P. Gerth, Bradley J. Gunn,* and *Leonard, Street and Deinard,* Minneapolis, Minnesota, and oral argument by *Brady J. Gunn.*

For the defendant-respondent the cause was argued by *Pamela Magee,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. WILLIAM A. BABLITCH, J. National Auto Truckstops, Inc. (National Auto) petitions this court to

review a decision of the court of appeals that affirmed the exclusion of certain evidence relating to the appropriate amount of compensation for a partial taking by the Wisconsin Department of Transportation (DOT).[1] The DOT condemned a portion of National Auto's property as part of a reconstruction project of a highway that abutted National Auto's property. We review two issues: (1) whether the circuit court erroneously excluded evidence of alleged damages due to a change in access to National Auto's property and (2) whether the circuit court erroneously excluded evidence based on the "income approach" for valuing the taken property.

¶ 2. We conclude that the circuit court erroneously excluded the evidence relating to National Auto's alleged damages resulting from the change in access. The circuit court and the court of appeals erred in presuming that a frontage road necessarily constitutes reasonable access. Therefore, we remand the issue of whether the change in access was reasonable to the circuit court. If a jury finds that the changed access is not reasonable, then National Auto is entitled to just compensation for the deprivation or restriction of its right of access.

¶ 3. We further conclude that the circuit court properly exercised its discretion in excluding evidence based on the "income approach" to valuation since "comparable sales" evidence was available. Therefore, we affirm that part of the court of appeals' decision that upheld the circuit court's exclusion of income evidence for valuation of the partial taking.

---

[1] *Nat'l Auto Truckstops v. Wis. Dep't of Transp.,* 2003 WI App 14, 259 Wis. 2d 745, 656 N.W.2d 798.

## FACTS AND PROCEDURAL HISTORY

¶ 4. National Auto owns a truckstop near the intersection of U.S. Highway 12 and Interstate 94 near Hudson, Wisconsin. The truckstop is described as a travel center, providing diesel fuel sales, gasoline sales, a restaurant, convenience store, diesel truck services, and other related services. National Auto leases the truckstop to Twin City East, which operates and manages the facility. In 1996, the DOT condemned a portion (.27 acres) of National Auto's frontage along Highway 12, as part of a planned reconstruction of the intersection. The project involved widening Highway 12 to four lanes and building a frontage road on the condemned property. The DOT also acquired a temporary easement for use during the construction. Under the award of damages, in which National Auto was compensated for the partial taking, the DOT did not explicitly purport to take National Auto's right of access to Highway 12.

¶ 5. Prior to the reconstruction, the truckstop had two points of direct access on Highway 12—one intended for trucks and the other for automobiles. After the reconstruction, all vehicles must enter the truckstop via a new frontage road off of Highway 12, which can only be accessed at an intersection north of the property.

¶ 6. National Auto filed an appeal under Wis. Stat. § 32.05(11) (1999–2000)[2] to the Circuit Court for

---

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise indicated.

Wis. Stat. § 32.05(11) provides, in relevant part:

Waiver of hearing before commission; appeal to circuit court and jury. The owner of any interest in the property condemned named in the basic award may elect to waive the appeal procedure specified in sub. (9) and instead, within 2 years after the date of

St. Croix County, Judge Eric J. Lundell, presiding, seeking an increased amount of compensation for the condemned property than the DOT had paid pursuant to the award of damages. In support of its appeal, National Auto retained two appraisers, who evaluated the condemnation damages at approximately $1 million. The State of Wisconsin (State) brought a motion to exclude these appraisals because they, in part, (1) took into account damages for the truckstop's change in access and (2) were partly based on the "income approach" to valuation. The circuit court granted the State's motion to exclude these appraisals, and the appraisers revised their valuations to reflect the court's order. By not using the "income approach" to valuation, the new appraisals valued the taken property at $350,000 and $12,550. The higher appraisal took into account the on-site impact of the reconstruction project (e.g. loss of parking, etc.), whereas the lower appraisal only considered the value of the land taken.

¶ 7. At trial, the circuit court prevented National Auto from introducing any evidence based on the "income approach" to valuation, reasoning that "there is ample evidence of comparable sales . . . the property here is not so unique that comparable sales are unavailable." The circuit court also excluded any evidence of damages regarding the change in access, concluding that the change in access was unrelated to the partial taking and that "[t]here is no property right to flow of traffic and [that] the control of highway traffic is subject to the police power of the State of Wisconsin,"

taking, appeal to the circuit court of the county wherein the property is located. . . . The sole issues to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant.

citing *Narloch v. Dep't of Transp.*, 115 Wis. 2d 419, 340 N.W.2d 542 (1983) and *Schneider v. State,* 51 Wis. 2d 458, 187 N.W.2d 172 (1971). In addition, the court instructed the jury not to consider damages resulting from the change in access and denied National Auto's proposed jury instruction on the income approach to valuation. The jury awarded National Auto $275,000. Both parties brought motions for a new trial, which the circuit court denied. National Auto appealed, and the court of appeals affirmed the judgment and order of the circuit court.

¶ 8. At the court of appeals, National Auto argued that it had a legal right to recover damages related to the change in access. National Auto claimed that the DOT's project deprived it of its right of access to Highway 12, which is compensable under Wis. Stat. § 32.09(6)(b).[3] National Auto conceded that

---

[3] Wis. Stat. § 32.09 provides, in relevant part:

In all matters involving the determination of just compensation in eminent domain proceedings, the following rules shall be followed:

. . . .

(6) In the case of a partial taking of property other than an easement, the compensation to be paid by the condemnor shall be the greater of either the fair market value of the property taken as of the date of evaluation or the sum determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist:

. . . .

(b) Deprivation or restriction of existing right of access to highway from abutting land, provided that nothing herein shall

§ 32.09(6)(b) permits the State to restrict or deny access without compensation, but only if it is done pursuant to a valid exercise of its police power. National Auto argued that the only valid exercise of police power in this case would be if the State had declared Highway 12 a controlled-access highway pursuant to Wis. Stat. § 84.25(6),[4] which the State has admittedly not done.

¶ 9. The court of appeals disagreed, stating that National Auto "misunderstood" its right of access. The court stated that the "existing right of access" under Wis. Stat. § 32.09(6)(b) is the right of an abutting property owner to "ingress and egress," emphasizing that a property owner's right is to "access," not to specific access points. *Nat'l Auto Truckstops v. Wis. Dep't of Transp.,* 2003 WI App 14, ¶ 8, 259 Wis. 2d 745, 656 N.W.2d 798. Because the State did not completely remove National Auto's right of ingress or egress to Highway 12, the court concluded that the State did not take National Auto's right of access. The court of appeals reasoned that National Auto still had access to Highway 12 through the frontage road, that a frontage road provides reasonable access to and from a landowner's property, and that an alleged diminution in value is not compensable merely because the State

operate to restrict the power of the state or any of its subdivisions or any municipality to deprive or restrict such access without compensation under any duly authorized exercise of the police power.

[4] Wis. Stat. § 84.25(6) provides:

Abutting owners. After the designation of a controlled-access highway, the owners or occupants of abutting lands shall have no right or easement of access, by reason of the fact that their property abuts on the controlled-access highway or for other reason, except only the controlled right of access and of light, air or view.

makes access more circuitous. Thus, the court concluded that the circuit court did not err in excluding evidence relating to National Auto's claim for damages due to the change in access resulting from the DOT's reconstruction project.

¶ 10. With respect to the exclusion of evidence based on the "income approach" to valuation, the court of appeals concluded that the circuit court did not erroneously exercise its discretion in excluding the evidence. Reviewing the relevant case law, the court observed that "income evidence is never admissible where there is evidence of comparable sales." *Leathem Smith Lodge, Inc. v. State,* 94 Wis. 2d 406, 413, 288 N.W.2d 808 (1980). The court also noted that there is no dispute as to whether evidence of comparable sales was available in this case. Although the court admitted that the case law is "somewhat confusing and inconsistent in this area," it determined that income evidence is generally disfavored as a method of valuation. *Nat'l Auto,* 259 Wis. 2d 745, ¶ 12. Consequently, the court of appeals concluded that "the trial court did not erroneously exercise its discretion when it excluded the income evidence given the availability of comparative sales evidence . . . ." *Id.,* ¶ 17.

¶ 11. National Auto petitioned this court for review of the following issues: (1) whether the circuit court erred in excluding evidence relating to National Auto's claim for damages for the change in access and (2) whether the circuit court erred in excluding evidence based on the "income approach" to valuation. This court granted National Auto's petition for review on February 19, 2003.

658

## STANDARD OF REVIEW

¶ 12. Questions regarding the admissibility of evidence are within the circuit court's discretion. *Grube v. Daun,* 213 Wis. 2d 533, 541–42, 570 N.W.2d 851 (1997) (citing *State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498 (1983)). "Where this court is asked to review such rulings, we look not to see if we agree with the circuit court's determination, but rather whether 'the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record.'" *Id.* at 542 (quoting *Pharr,* 115 Wis. 2d at 342). A circuit court properly exercises its discretion when it considers the relevant facts, applies the correct law, and articulates a reasonable basis for its decision. *In re Marriage of Krebs v. Krebs,* 148 Wis. 2d 51, 55, 435 N.W.2d 240 (1989). Therefore, this court will affirm a discretionary decision by a circuit court as long as the court did not erroneously exercise its discretion. *State v. Davis,* 2001 WI 136, ¶ 28, 248 Wis. 2d 986, 637 N.W.2d 62.

¶ 13. In order to properly exercise its discretion, a circuit court must "apply the correct standard of law to the facts at hand." *State v. Margaret H.,* 2000 WI 42, ¶ 32, 234 Wis. 2d 606, 610 N.W.2d 475 (citations omitted). This court will reverse a discretionary decision if the circuit court's exercise of discretion "is based on an error of law." *Marten Transp. v. Hartford Specialty,* 194 Wis. 2d 1, 13, 533 N.W.2d 452 (1995).

## ANALYSIS

### A. CHANGE IN ACCESS

¶ 14. Neither party disputes that Highway 12 is not a controlled-access highway. Nevertheless, the State argues that the change in access to the truckstop was an exercise of its police power and is therefore not compensable. We disagree.

¶ 15. It is undisputed that the DOT acquired the portion of National Auto's property pursuant to Wis. Stat. § 84.09.[5] As we have previously stated, "the Wisconsin statutes specifically provide that compensation shall be paid when there is a partial taking of premises, such as access rights under the power of eminent domain." *Hastings Realty Corp. v. Texas Co.,* 28 Wis. 2d 305, 312, 137 N.W.2d 79 (1965); *see also Crown Zellerbach Corp. v. Dep't of City Dev. of Milwaukee,* 47 Wis. 2d 142, 149–50, 177 N.W.2d 94 (1970). Similar to this case, *Hastings* did not involve a controlled-access highway. Although the access at issue in *Hastings* was eliminated as opposed to changed, the reasoning in *Hastings* is nevertheless applicable to this case.

> In the case before us the highway has not been declared to be access controlled, and it would be unlawful for the state highway commission to seize access rights without compensation and without following the administrative procedure outlined in sec. 84.25, Stats.

---

[5] Wis. Stat. § 84.09 provides, in relevant part: "(1) The department may acquire by gift, devise, purchase or condemnation any lands for establishing, laying out, widening, enlarging, extending, constructing, reconstructing, improving and maintaining highways and other transportation related facilities, or interests in lands in and about and along and leading to any or all of the same . . . ."

This court in arriving at our decision in this case has taken judicial notice of the files of the state highway commission in regard to the administrative proceedings declaring the highways controlled access in the cases of *Carazalla, McKenna,* and *Stefan Auto Body.* It is apparent from these files that the state highway commission does in fact follow the administrative procedure of determining after a public hearing whether it is "necessary, in the interest of the public safety, convenience and the general welfare to prohibit entrance upon and departure from the highway or street except at places specially designated."

It is apparent that the legislation contemplates that the police power of the state shall be exercised *only after* such findings are made. Sec. 84.25, Stats., requires preliminary engineering studies and public hearings, which are to be held only after three weeks' notice by publication in the county where the highway is located. Witnesses at these hearings give testimony showing the necessity of limiting access to make travel on the road safer for the general public. It is also significant that, with the exception of interstate highways, only 1,500 miles of controlled- access highways are authorized by the legislature in the state—and then only in rural areas.

. . . .

It is evident that the highway commission may wish to limit access at particular points, even though it is not thought necessary to exercise the powers given under sec. 84.25, Stats., and even though a seizure under the police power cannot be justified. In such a case the legislature has wisely authorized the purchase of access rights as was done in this case. (Sec. 32.09(6)(b))

*Hastings,* 28 Wis. 2d at 314–16 (emphasis added). Similarly, we reasoned in *Crown Zellerbach* that "there

661

were no proceedings to have West Silver Spring Drive declared a controlled-access highway. . . . Thus, there has not been any 'duly authorized exercise of the police power.' " *Crown Zellerbach,* 47 Wis. 2d at 152.

█

¶ 16. The State admits that the procedure under Wis. Stat. § 84.25 was not employed to declare Highway 12 a controlled-access highway. However, it now raises for the first time, that the reconstruction project was part of an "interstate improvement project;" therefore, the change in access is not compensable pursuant to Wis. Stat. § 84.29.[6] While we acknowledge that there was some reconstruction of both Highway 12 and Interstate 94, it is not clear from the record that the reconstruction of Highway 12 was necessarily part of an "interstate improvement project" as defined under § 84.29. Furthermore, even if the reconstruction project

---

[6] Wis. Stat. § 84.29 provides, in relevant part:

(3) Changes in existing highways and utilities. It is recognized that in the construction of interstate highways in this state to modern standard and design, mutually agreed upon by the department and the federal agency, to promote the public and social welfare, and benefit public travel of the state, and meet the needs of national defense, it will become necessary for the department to make or cause to be made changes in the location, lines and grades of existing public highways, railroads and public utility transmission lines and facilities.

(4) Laying new highways for interstate system. . . . As an interstate highway may be established, laid out and constructed as an expressway or freeway on and along an existing public highway, reasonable provision for public highway traffic service or access to abutting property shall be provided by means of frontage roads as a part of the interstate highway development, or the right of access to or crossing of the public highway shall be acquired on behalf of the state as a part of the interstate highway improvement project. The occupation or use of any part of an existing public highway is authorized for the construction of the interstate system.

might be considered part of an interstate improvement project, National Auto is not necessarily precluded from being compensated. The statutory section relied on by the State—§ 84.29(4), states that "the right of access . . . shall be *acquired* [i.e. paid] on behalf of the state . . . ." (Emphasis added.) Thus, based on our previous decisions, most notably, *Hastings* and *Crown Zellerbach,* we conclude that the change in access was *not* a "duly authorized exercise of the police power." Wis. Stat. § 32.09(6)(b).

¶ 17. Alternatively, the State argues that it was not "taking" National Auto's right of access, but merely "regulating" access pursuant to Wis. Stat. § 86.07(2).[7] The State claims that National Auto should not have had any reasonable expectation or right to assume that its access to Highway 12 would remain the same. The State points out that the backside of a driveway permit, which was issued as required by § 86.07(2), provided

---

[7] Wis. Stat. § 86.07(2) provides, in relevant part:

No person shall make any excavation or fill or install any culvert or make any other alteration in any highway or in any manner disturb any highway or bridge without a permit therefor from the highway authority maintaining the highway. Such permit shall contain the statement and be subject to the condition that the work shall be constructed subject to such rules and regulations as may be prescribed by said authority and be performed and completed to its satisfaction, and in the case of temporary alterations that the highway or bridge shall be restored to its former condition, and that the permittee shall be liable to the town or county or state, as the case may be, for all damages which occur during the progress of said work or as a result thereof. Nothing herein shall abridge the right of the department or the county board or its highway committee to make such additional rules, regulations and conditions not inconsistent herewith as may be deemed necessary and proper for the preservation of highways, or for the safety of the public, and to make the granting of any such permit conditional thereon.

that the DOT had the right to make changes to National Auto's driveway as was necessary to facilitate the relocation, reconstruction, widening or maintenance of the highway or to protect life and property on or adjacent to the highway. However, even if National Auto's access is regulated pursuant to § 86.07(2), National Auto must nevertheless be compensated if its right of access was taken, as provided under Wis. Stat. § 32.09(6)(b). We have previously held that:

> This section [§ 86.07(2) and Wis. Admin Code § Trans 231.01] does not deny the right of access but regulates access in the interests of public safety and convenience. The trial court properly instructed the jury on this point and it was for the jury to consider . . . the weight to be given to the testimony of the value of the property so affected.

*Bear v. Kenosha County,* 22 Wis. 2d 92, 96, 125 N.W.2d 375 (1963).

¶ 18. In addition, the State notes that when the DOT acquired the property, the award of damages did not purport to take any access rights from National Auto. Nevertheless, it is undisputed that there was indeed a change in access to and from National Auto's truckstop and that the deprivation or restriction of an existing right of access is compensable under Wis. Stat. § 32.09(6). Therefore, we turn to whether the changed access constitutes a "deprivation" or "restriction" of National Auto's right of access.

¶ 19. We have stated that "a person who owns property abutting a public street has a right of access, or right of ingress or egress, to and from the street. Although this right is subject to reasonable regulations in the public interest, it is a property right, the taking

664

of which requires compensation." *Narloch,* 115 Wis. 2d at 430 (citing *Schneider,* 51 Wis. 2d at 463; *Stefan Auto Body v. State Highway Comm'n,* 21 Wis. 2d 363, 370, 124 N.W.2d 319 (1963)). We have clarified that the "deprivation or restriction that sec. 32.09(b)(b) specifically refers to is that of an 'existing *right* of access,' not 'existing access points.' " *Id.* (emphasis in original). Consequently, "[d]eprivation of direct access to a highway does not constitute a taking of property provided *reasonable access* remains." *Schneider,* 51 Wis. 2d at 463 (emphasis added) (citing *McKenna v. State Highway Comm'n,* 28 Wis. 2d 179, 135 N.W.2d 827 (1965)).

¶ 20. In *Schneider,* it was undisputed that the change from direct access to access via a frontage road was adequate and therefore reasonable. *Id.* Thus, the court in *Schneider* concluded that "[s]ince the state provided reasonable access to and from the Schneider property by a frontage road there was no taking requiring compensation." *Id.* The court of appeals in the present case erred in interpreting this language to mean that "[a] frontage road [always] provides reasonable access to and from a landowner's property." *Nat'l Auto,* 259 Wis. 2d 745, ¶ 9. A frontage road might not always constitute "reasonable" access, even though it may in some cases, such as *Schneider.* Therefore, whether there is reasonable access depends on the specific facts in a case.

¶ 21. The essential inquiry is whether a change in access is "reasonable." Thus, the fact that National Auto has access to Highway 12 via a frontage road does not resolve whether that access is reasonable. Rather, this is a question for a jury. *See, e.g., Narloch,* 115 Wis. 2d at 433–34; *Bear,* 22 Wis. 2d at 96. As summed up by the

665

Supreme Court of Iowa, " 'No hard and fast rule can be stated as to whether an abutting property owner has been denied access that is reasonable . . . . In most instances the question is one of fact, not of law, and its determination depends largely upon the evidence in the particular case.' " *Wilson v. Iowa State Highway Comm'n,* 90 N.W.2d 161, 167 (Iowa 1958) (citation omitted); *see also Seefeldt v. Dep't of Transp.,* 113 Wis. 2d 212, 220–21, 336 N.W.2d 182 (Ct. App. 1983) ("Because the reasonableness of access has been placed at issue in this case, the appellants are entitled to present evidence to the jury on the question of how reasonable their access will be after the highway project is completed.")

¶ 22. Accordingly, we conclude that the circuit court erroneously excluded evidence relating to National Auto's alleged damages from the change in access. Therefore, we remand this issue to the circuit court for a jury to determine whether the change in access is reasonable. If the jury finds that the changed access is reasonable, then no compensation is to be awarded to National Auto due to the change in access. However, if the jury finds that the changed access is not reasonable, then National Auto is entitled to just compensation for the deprivation or restriction of its right of access.

## B. INCOME APPROACH TO VALUATION

¶ 23. There are three primary methods for appraising the value of commercial property—the "income approach," the "comparable sales approach," and the "cost approach." In essence, the "income approach" focuses on the income generated by a property, the

"comparable sales approach" compares the sales price of comparable properties, and the "cost approach" involves the cost of replacement.

¶ 24. National Auto argues that the circuit court erred in excluding evidence that valued the condemned property using the income approach to valuation. Specifically, National Auto requests that this court declare that the income approach to valuation should be routinely admissible at trial, or at least that income evidence should be allowed in this case. In light of our prior decisions that have upheld the exclusion of income evidence where comparable sales evidence is available, we conclude that the circuit court did not erroneously exercise its discretion in excluding the income evidence offered by National Auto.

¶ 25. In *Leathem,* this court reasoned that income evidence is ordinarily inadmissible to establish property values because business income depends on too many variables, such as an owner's skill and talent, and is therefore not reliable as a guide to fair market value. *Leathem,* 94 Wis. 2d at 413. In other words, "[e]vidence of net income is ordinarily inadmissible for purposes of establishing property values in condemnation cases involving commercial enterprises because income is dependent upon too many variables to serve as a reliable guide in determining fair market value." *Rademann v. State Dep't of Transp.,* 2002 WI App 59, ¶ 28, 252 Wis. 2d 191, 642 N.W.2d 600. The court in *Leathem* noted three exceptions to this rule: (1) when the character or the property is such that profits are produced without the labor and skill of the owner; (2) when profits reflect the property's chief source of value; and (3) when the property is so unique that comparable

sales are unavailable. *Leathem,* 94 Wis. 2d at 413. However, "[a]s a starting point, . . . Wisconsin law holds that income evidence is *never* admissible where there is evidence of comparable sales." *Id.* (emphasis added) (citing *Rosen v. Milwaukee,* 72 Wis. 2d 653, 662–63, 670–71, 242 N.W.2d 681 (1976); *Lambrecht v. State Highway Comm'n,* 34 Wis. 2d 218, 227, 148 N.W.2d 732 (1967)).

¶ 26. National Auto argues that income evidence should be allowed in this case because it is based on non-speculative evidence, namely, rental income. In support, National Auto notes that it is not an owner-managed property, and that the income from the property is rental income; therefore, the income is derived from the real estate itself. Notwithstanding National Auto's arguments, we are bound by our prior case law, deeming that "income evidence is never admissible where there is evidence of comparable sales." *Leathem,* 94 Wis. 2d at 413. In *Leathem,* this court stated that "[b]ecause there was evidence of market value based on comparable sales, for that reason alone the trial court was justified in holding valuation based on income to be inadmissible." *Id.* at 415–16.

¶ 27. As noted by the court of appeals in this case, it is undisputed that evidence of comparable sales was available in this case. *Nat'l Auto,* 259 Wis. 2d 745, ¶ 10. The court of appeals concluded that prior case law dealing with the exclusion of income evidence "all stand for the proposition that income evidence is generally disfavored as a method of measuring property values and that it is within the trial court's discretion to admit or exclude this evidence." *Id.,* ¶ 17. We agree with the reasoning and the conclusion reached by the court of appeals. Accordingly, we conclude that the circuit court

did not erroneously exercise its discretion in excluding evidence based on the income approach to valuation.

¶ 28. In sum, we conclude that the circuit court erroneously excluded evidence relating to National Auto's alleged damages due to the change in access. Consequently, we remand the issue of whether the changed access is reasonable to the circuit court. If a jury finds that the changed access is not reasonable, then National Auto is entitled to just compensation for the deprivation or restriction of its right of access. We further conclude that the circuit court properly exercised its discretion in excluding evidence based on the "income approach" to valuation since "comparable sales" evidence was available.

*By the Court.*—The decision of the court of appeals is affirmed in part, reversed in part, and remanded to the Circuit Court for St. Croix County for further proceedings consistent with this opinion.

¶ 29. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. I join only the conclusions set forth in ¶ 28 of Justice Bablitch's opinion.

¶ 30. DIANE S. SYKES, J. *(concurring in part, dissenting in part)*. I agree with the majority's analysis of this case, with one exception. I do not agree that the "essential inquiry" in a partial takings case involving a change of highway access is "whether the change in access is 'reasonable.'" Majority op., ¶ 21.

¶ 31. It is well-established that "'the right of access to and from a public highway is one of the incidents of the ownership *or occupancy* of land abutting thereon.'" *Hastings Realty Corp. v. Texas Co.,* 28 Wis. 2d 305, 310, 137 N.W.2d 79 (1965)(quoting *Royal Transit, Inc. v. Village of West Milwaukee,* 266 Wis. 271,

277, 63 N.W.2d 62 (1954)) (emphasis in original). " '[H]ighway-access rights are but one of a bundle of rights which appertain to a parcel of real estate.' " *Id.* at 311.

¶ 32. Prior to the construction at issue in this case, National Auto, whose property abuts Highway 12, had access to Highway 12 via two driveways providing direct ingress and egress into the truckstop. Both of these direct access points were eliminated as a result of the reconstruction of Highway 12. The truckstop is now accessible only via a frontage road off of Brakke Road. Brakke Road is accessible from Highway 12 at an intersection to the north of the truckstop. Thus, National Auto's access to Highway 12 has been rerouted to a frontage road that can be accessed from Highway 12 only via Brakke Road.

¶ 33. As the majority notes, Wis. Stat. § 32.09(6)(b) specifies that the compensable items of loss or damage in an eminent domain partial taking of property for public use include "[d]eprivation or restriction of existing right of access" to the highway. Majority op., ¶¶ 17–18; Wis. Stat. § 32.09(6)(b). Nevertheless, the majority concludes that if "the jury finds that the changed access is reasonable, then no compensation is to be awarded to National Auto due to the change in access." Majority op., ¶ 22. The majority further states that "if the jury finds that the changed access is not reasonable, then National Auto is entitled to just compensation for the deprivation or restriction of its right of access." *Id.*

¶ 34. Even assuming that the elimination of National Auto's direct access to Highway 12 in this case is properly characterized as a mere "change in access," it is not true that compensation is owed only if the change in access is "not reasonable." The rule the majority cites,

670

whereby the provision of reasonable alternative access obviates the requirement of compensation, applies only in partial takings cases involving controlled access highways and the invocation of the state's police power. *See Schneider v. State Division of Highways,* 51 Wis. 2d 458, 462, 187 N.W.2d 172 (1971); majority op., ¶ 19. In *Schneider* this court held that "[w]here access to a highway is controlled under the exercise of the police power and reasonable access remains, no compensation is required." *Id.*

¶ 35. The state conceded that this is not a controlled access highway, and the majority has correctly concluded that this highway project was not otherwise undertaken as an exercise of the police power. Majority op., ¶¶ 14–18. Accordingly, the *Schneider* rule does not apply.

¶ 36. Thus, even assuming that this elimination of access is a mere change of access, compensation is owed regardless of whether the change of access is reasonable. Highway access rights are property rights, and the eminent domain statute specifically provides that compensation shall be paid for "[d]eprivation or restriction of existing right of access" to the highway. Wis. Stat. § 32.09(6)(b). The reasonableness or efficacy of the alternative access may have a bearing on the amount of damages ultimately awarded for the taking, to the extent that the change in access affects fair market value. But the question of whether or not there has been a taking of access rights for which compensation is owed does not turn on whether the change in access is reasonable.

¶ 37. This case is controlled by *Narloch v. State Department of Transportation,* 115 Wis. 2d 419, 424, 340 N.W.2d 542 (1983). *Narloch* was an eminent domain partial takings case precipitated by the relocation of

Highway 59 in the Town of Eagle. Four property owners with both developed and undeveloped rights of access to Highway 59 had compensation claims in connection with the project. The State Highway Department condemned and took "all existing future or potential common law or statutory easements or rights of access" of the property owners to Highway 59. *Id.* at 424.

¶ 38. Because some of the property owners' access rights in *Narloch* were as yet undeveloped and unpermitted, this court addressed the following issue: "Does 'existing right of access' in sec. 32.09(6)(b), Stats., mean *only* access points in use and for which the Department had granted permits at the time of a condemnation?" *Id.* at 422 (emphasis added.) The Department had argued that "the phrase 'existing right of access' . . . mean[s] only those access points that are existing or in use at the time of the taking, and that became driveways for which the Department previously granted permits pursuant to sec. 86.07(2) and Wis. Admin. Code ch. Hy 31." *Id.* at 429. We rejected this argument, and concluded that " 'existing right of access' in sec. 32.09(6)(b), Stats., includes the right of an abutting property owner to ingress and egress, and the right to be judged on the criteria for granting permits for access points under sec. 86.07(2) and Wis. Admin. Code ch. Hy 31." *Id.* at 432.

¶ 39. We began our analysis in *Narloch* by observing that "a person who owns property abutting a public street has a right of access, or right of ingress and egress, to and from the street." *Id.* at 430 (citing *Stefan Auto Body v. State Highway Comm'n,* 21 Wis. 2d 363, 370, 124 N.W.2d 319 (1963)). We also noted that "[a]lthough this right is subject to reasonable regulations in the public interest, it is a property right, the taking of which requires compensation." *Id.* (citing *Schneider,* 51 Wis. 2d at 463).

¶ 40. Each of the property owners in *Narloch* had suffered varying degrees of restriction or deprivation of their right of access to Highway 59 through the elimination or relocation of access points on Highway 59 and/or rerouting of access to Highway 59 via an adjacent road. We held that:

> Under the Department's interpretation of sec. 32.09(6)(b), Stats., "existing right of access" would mean "existing access points that have been improved and for which the department had granted permits under sec. 86.07(2), and Wis. Admin. Code ch. Hy 31." This construction, however, renders the inclusion of the word "right" superfluous. The deprivation or restriction that sec. 32.09(6)(b) specifically refers to is that of an "existing *right* of access", not "existing access points." (Emphasis added.) The statute also recognizes that even though the state may deprive or restrict access without compensation pursuant to "a duly authorized exercise of the police power," when a partial taking occurs, the loss of an existing right of access is an item of loss or damage to the remaining property that is compensable.

*Id.* at 430–31.

¶ 41. Because the relocation of Highway 59 at issue in *Narloch* involved neither a controlled access highway nor a restriction of access pursuant to an exercise of the police power, we held that the condemnation and taking of the property owners' access rights required compensation. *Id.* at 431–32. Important to the analysis here, we did *not* hold in *Narloch* that the requirement of compensation depended upon whether the property owners were left with reasonable alternative access to Highway 59. Indeed, the property owners in *Narloch* retained at least some form of access to Highway 59 after the construction; their right to com-

pensation was not affected by any determination of the "reasonableness" of what replaced their prior access.

¶ 42. As I have noted, the state conceded that Highway 12 is not a controlled access highway, and the majority properly holds that this project was not otherwise undertaken pursuant to the state's police power. National Auto's right of access to Highway 12 was fully developed and properly permitted at the time of the taking, and there is no dispute that its two driveways onto Highway 12 were completely eliminated as a result of this highway reconstruction. While the state has provided a form of alternative access—first to a frontage road, then to Brakke Road, and only then to Highway 12—the question of whether there has been a compensable taking does not depend upon a determination of the reasonableness of this alternative access. There has been a "deprivation or restriction of existing right of access" under Wis. Stat. § 32.09(6)(b); the reasonableness or unreasonableness of the alternative access is relevant only perhaps to the amount of damages, not to the right to compensation in the first place.

¶ 43. Accordingly, to the extent that the majority has conditioned the requirement of compensation on a determination of the reasonableness of the change in access, I must respectfully dissent. Under *Narloch* and Wis. Stat. § 32.09(6)(b), there has been a compensable partial taking of National Auto's access rights in this case. The only remaining question is the amount of the damages award for the taking of those access rights.

¶ 44. I am authorized to state that Justices JON P. WILCOX and DAVID T. PROSSER, JR. join this concurring/dissenting opinion.