118TH STREET KENOSHA, LLC, Plaintiff-Appellant,

v.

WISCONSIN DEPARTMENT OF TRANSPORTATION,
Defendant-Respondent.†

Court of Appeals

*No. 2012AP2784. Submitted on briefs September 25, 2013.
—Decided November 20, 2013.*

2013 WI App 147

(Also reported in 841 N.W.2d 568.)

† Petition for Review granted March 18, 2014.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Charles P. Graupner* and *Susan M. Sager* of *Michael Best & Friedrich LLP*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Abigail C. S. Potts*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J. 118th Street Kenosha, LLC appeals the circuit court's grant of a Wisconsin Department of Transportation motion in limine. It contends that the court erred in prohibiting it from introducing at a trial evidence of the diminution in value of its property due to a loss of direct access and proximity to the property from a public road as a result of a public improvement by the DOT. We agree with 118th Street Kenosha, and reverse and remand.

## BACKGROUND

¶ 2. The undisputed facts of record are as follows. 118th Street Kenosha owns a four-store shopping center near State Trunk Highway 50 and Interstate 94 in the city of Kenosha. Prior to a DOT highway reconstruction project at that location, this commercial property had one driveway entrance to the shopping center from a public road, 118th Avenue, and one driveway entrance from a private road that intersected with 118th Avenue. Consistent with the DOT's reconstruction plans, upon completion of the project, the property

185

continues to have two driveway entrances, both from the private road—the original entrance and a newly created double-throated one. The entrance from 118th Avenue was eliminated due to the DOT rerouting 118th Avenue and vacating the stretch of that street that previously allowed for entry into the property directly from 118th Avenue.

¶ 3. In order to create the new entrance from the private road, the DOT took a temporary easement from 118th Street Kenosha along that road. The DOT recorded an award of damages for the easement, and 118th Street Kenosha challenged the award. Prior to trial on the matter, the DOT moved in limine to prohibit 118th Street Kenosha from introducing any evidence that it is entitled to compensation "for any item whatsoever other than the temporary limited easement" acquired to create the new access point into the property from the private road. 118th Street Kenosha opposed the motion, arguing that it should be permitted to introduce evidence of the loss of direct access and proximity to 118th Avenue and the related loss in value to the property. The circuit court granted the DOT's motion, concluding that the taking of the temporary easement did not cause 118th Street Kenosha's loss of access and proximity to 118th Avenue. The parties then entered into a stipulated judgment which preserved 118th Street Kenosha's right to appeal the court's ruling on the motion, and 118th Street Kenosha appeals that ruling. Additional facts are included as necessary.

## DISCUSSION

■

¶ 4. 118th Street Kenosha contends the circuit court erred in prohibiting it from presenting evidence of

the impact the loss of access and proximity to 118th Avenue had on the fair market value of its commercial property. The DOT counters that the court correctly precluded such evidence because the taking of the temporary easement to create the new private road entrance was "a separate and distinct act" from the closing and rerouting of the relevant stretch of 118th Avenue and did not result in the property's loss of direct access to 118th Avenue. The DOT's argument ignores reality.

██

¶ 5. We will sustain a circuit court's evidentiary rulings as a proper exercise of discretion if the court "examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reached a reasonable conclusion." *Martindale v. Ripp*, 2001 WI 113, ¶ 28, 246 Wis. 2d 67, 629 N.W.2d 698. We will reverse such a ruling, however, if the court fails to properly "apply the correct standard of law to the facts at hand." *National Auto Truckstops, Inc. v. DOT*, 2003 WI 95, ¶ 13, 263 Wis. 2d 649, 665 N.W.2d 198 (citation omitted).

¶ 6. WISCONSIN STAT. § 32.09 (2011–12),[1] entitled "Rules governing determination of just compensation," provides: "In all matters involving the determination of just compensation in eminent domain proceedings, the following rules shall be followed." One of the rules which "shall be followed" is § 32.09(6g):

> In the case of the taking of an easement, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect . . . to the items of loss or damage to the property enumerated in sub. (6)(a) to (g) where shown to exist.

118th Street Kenosha contends that the "items of loss or damage" which are to be "giv[en] effect" in this case include those set forth in § 32.09(6)(b) and (e). Subsections (6)(b) and (e) respectively refer in relevant part to "[d]eprivation or restriction of existing *right of access* to highway from abutting land"[2] and "[d]amages resulting from actual severance of land including damages resulting from severance of improvements or fixtures and *proximity damage* to improvements remaining on condemnee's land."[3] (Emphasis added.)

¶ 7. Our supreme court has long held that

---

[2] The remainder of WIS. STAT. § 32.09(6)(b) states: "provided that nothing herein shall operate to restrict the power of the state or any of its subdivisions or any municipality to deprive or restrict such access without compensation under any duly authorized exercise of the police power." In its response brief, the DOT makes a fleeting statement that "the closing of 118th [Avenue] as a result of the instant highway project is the result of the noncompensable exercise of the State's police power." Because the DOT fails to develop any argument related to this conclusory statement, we do not address it. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for parties.).

[3] We note that other than asserting generally that 118th Street Kenosha is not entitled to access or proximity damages because the taking of the easement did not cause the elimination of the relevant stretch of 118th Avenue, the DOT makes no arguments that introduction of either "access" or "proximity" evidence is otherwise inappropriate based on the facts of this case.

[t]he right of access to and from a public highway is one of the incidents of the ownership . . . of land abutting thereon. Such right is appurtenant to the land, and exists when the fee title to the way is in the public as well as when it is in private ownership.

*Hastings Realty Corp. v. Texas Co.*, 28 Wis. 2d 305, 310–11, 137 N.W.2d 79 (1965) (citation omitted). Statutory provisions in favor of an owner whose property interest is taken, such as those which regulate the compensation to be paid to the owner, are to be afforded liberal construction. *Standard Theatres, Inc. v. DOT*, 118 Wis. 2d 730, 743, 349 N.W.2d 661 (1984); *see also 260 N. 12th St., LLC v. DOT*, 2011 WI 103, ¶ 44, 338 Wis. 2d 34, 808 N.W.2d 372. Further, our supreme court has consistently held that in determining the appropriate amount of compensation due to one whose property interest has been taken, "every element which affects [fair market] value and which would influence a prudent purchaser should be considered." *260 N. 12th St.*, 338 Wis. 2d 34, ¶ 47 (citing *Clarmar Realty Co. v. Redevelopment Auth. of Milwaukee*, 129 Wis. 2d 81, 91, 383 N.W.2d 890 (1986) (quoting *Herro v. DNR*, 67 Wis. 2d 407, 420, 227 N.W.2d 456 (1975))). "Fair market value is 'the amount for which the property could be sold in the market on a sale by an owner willing, but not compelled, to sell, and to a purchaser willing and able, but not obliged, to buy.' " *Id.* Such guidance is consistent with the United States Supreme Court's longstanding maxim that a property owner whose interest is taken "is entitled to be put in as good a position pecuniarily" as if the taking had not occurred. *See Olson v. United States*, 292 U.S. 246, 255 (1934).

¶ 8. In his affidavit opposing the motion in limine, 118th Street Kenosha's expert averred that the new

double-throated entry point from the private road was constructed "to replace" the direct entry point from 118th Avenue. He further averred that construction of the new entry point was necessary because the single existing entry point from the private road would not have satisfied fire safety zoning requirements if the 118th Avenue entrance was eliminated without being replaced by the new entrance along the private road. Citing to this affidavit, 118th Street Kenosha repeatedly asserts in its brief-in-chief that the taking of the temporary easement and corresponding construction of the new entry point from the private road were legally necessary for the DOT to close the relevant stretch of 118th Avenue and remove the entry point to the property from that street. The DOT does not challenge this significant part of 118th Street Kenosha's argument; nor does it suggest that it acquired the temporary easement simply for the purpose of adding a third entrance to the property, as opposed to the purpose of facilitating the elimination of the relevant stretch of 118th Avenue and the entrance to the property from that street.[4] When a party fails to contest a significant point from an opposing party, we consider the point conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).

---

[4] The DOT also failed to dispute 118th Street Kenosha's "legally necessary" assertion when 118th Street Kenosha argued it during a hearing before the circuit court on the motion in limine. In addition, at the same hearing, the DOT acknowledged the connection between the temporary easement allowing for the creation of the new private road entry point and the vacation of 118th Avenue, but indicated that the reason the easement was taken and new entry point created was to prevent the property from becoming "landlocked" by the DOT's vacation of 118th Avenue, an act which DOT counsel stated would have exposed the DOT to "a [Wis. Stat. §] 32.10 claim."

¶ 9. Thus, the DOT acquired the easement to add the new double-throated private road entry point so that it could vacate 118th Avenue and eliminate 118th Street Kenosha's direct access to that street, as called for in the DOT's reconstruction project plans. As such, the taking of the temporary easement was integrally connected with the property's loss of direct access and proximity to 118th Avenue.

¶ 10. WISCONSIN STAT. § 32.09(6g) instructs that the appropriate amount of compensation is determined by deducting the fair market value of the property immediately after the date of evaluation from the fair market value immediately before that date, "assuming the completion of the public improvement." Because of the integral connection between the taking of the temporary easement to create a new entrance and the elimination of the relevant stretch of 118th Avenue and the entrance to the property from that street, the "complet[ed] . . . public improvement" related to the easement includes the vacation and rerouting of that street and elimination of that entrance. Thus, on remand, 118th Street Kenosha may introduce at trial evidence related to the property's fair market value before and after the taking of the easement, including the loss of direct access and proximity resulting from the vacating and rerouting of 118th Avenue.[5]

---

[5] 118th Street Kenosha also argues the circuit court erred in stating at the conclusion of its decision: "There can be no compensation under [WIS. STAT.] § 32.09(6)(b) . . . in the absence of a denial of substantially all beneficial use of a property." Both parties agree, as do we, that this statement was in error, as it appears to be a reference to the regulatory takings standard, *see, e.g., Rock-Koshkonong Lake Dist. v. DNR*, 2013 WI 74, ¶ 147, 350 Wis. 2d 45, 833 N.W.2d 800, and, as 118th Street Kenosha points out, "[t]his is not a regulatory taking case."

## CONCLUSION

¶ 11. For the reasons set forth above, we conclude the circuit court erred when it granted the DOT's motion in limine prohibiting 118th Street Kenosha from introducing evidence of the change in value to its property based on the vacation of 118th Avenue. Accordingly, we reverse and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

Because we are reversing and remanding based upon another point of law, we do not address this further.