PER CURIAM.
¶1 Aamaans Properties, Inc. and Aamann, Inc.[1] (Aamaans) appeal an order granting summary judgment to the Wisconsin Department of Transportation (DOT). The circuit court concluded that DOT did not take any of Aamaans's real property and that Aamaans's inverse condemnation claim must therefore fail. We affirm.
Background
¶2 Aamaans owned real property in Rock County, Wisconsin. The property was near State Trunk Highway 26, but did not have direct access to the highway. Rather, access to the property was from Arthur Drive, which intersected with Highway 26 near the property's southwest corner. Aamaans paid $ 975,000 to purchase the property in 2002, and over time invested substantially in construction and remodeling projects geared towards serving travelers. As of 2011, the property contained a McDonald's restaurant, a convenience store, fuel pumps, and a car wash.
¶3 DOT obtained approval in October 2011 for a highway improvement project that included relocation of Highway 26. After completion of the project in 2013, the highway no longer intersected with Arthur Drive. The relocation, however, did not involve any condemnation or occupation of the Aamaans property, nor did the relocation of the highway affect the property's access to or from Arthur Drive. Motorists proceeding northbound on the relocated highway who wished to enter the property were required to travel 1.6 miles from an off-ramp to reach Arthur Drive and an additional .2 miles on Arthur Drive to the property's entrance. Motorists on the highway proceeding southbound were required to travel 1.2 miles from an off-ramp to reach Arthur Drive and an additional .2 miles on Arthur Drive to the property's entrance.
¶4 Following the highway relocation, the McDonald's corporation closed its restaurant on the Aamaans property, and no other entity assumed occupancy of the space that the restaurant formerly occupied. Aamaans lost ownership of the property in a foreclosure proceeding. An appraiser who assessed the property in 2013 concluded that its fair market value was $ 332,500.
¶5 Aamaans commenced an inverse condemnation action, alleging that the relocation of Highway 26 constituted a taking of the Aamaans property for which Aamaans was entitled to compensation. Both Aamaans and DOT moved for summary judgment. The circuit court denied Aamaans's motion and granted DOT's motion for summary judgment, concluding that DOT's actions did not constitute a compensable taking of the property. Aamaans appeals.[2]
Analysis
¶6 Aamaans contends that the circuit court erroneously resolved the parties' motions for summary judgment. Our summary judgment procedure is well known, and we need not repeat it at length here. See Gumz v. Northern States Power Co. , 2006 WI App 165, ¶29, 295 Wis. 2d 600, 721 N.W.2d 515. Suffice it to say that we review de novo a circuit court's ruling on summary judgment, applying the same methodology as does the circuit court. See Chapman v. B.C. Ziegler and Co. , 2013 WI App 127, ¶2, 351 Wis. 2d 123, 839 N.W.2d 425. Summary judgment is proper when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. See WIS. STAT . § 802.08(2). To prevail on appeal, Aamaans must show that the circuit court erred in concluding as a matter of law that DOT did not effect a compensable taking of the Aamaans property. See Howell Plaza Inc. v. State Highway Comm'n , 92 Wis. 2d 74, 80-81, 284 N.W.2d 887 (1979).
¶7 The United States and Wisconsin Constitutions prohibit taking private property for public use without just compensation. See U.S. CONST. amend. V ; WIS. CONST. art. I, § 13 ; see also Brenner v. New Richmond Reg'l Airport Comm'n , 2012 WI 98, ¶¶37-39, 343 Wis. 2d 320, 816 N.W.2d 291.[3] Whether government conduct constitutes a taking of private property without just compensation is also a question of law for our de novo review. See E-L Enters. v. Milwaukee Metro. Sewerage Dist. , 2010 WI 58, ¶20, 326 Wis. 2d 82, 785 N.W.2d 409.
¶8 Two types of government action can result in a compensable taking. See id. , ¶22. One type is the " 'actual physical occupation' of private property." See id. (citation omitted). The second type is a regulatory taking. See Eberle v. Dane Cty. Bd. of Adjustment , 227 Wis. 2d 609, 622, 595 N.W.2d 730 (1999). A compensable regulatory taking " 'can occur absent physical invasion only where there is a legally imposed restriction upon the property's use,' " and such a taking "must deny the property owner all or substantially all practical uses of [the] property." See Brenner , 343 Wis. 2d 320, ¶¶44-45 (citation omitted).
¶9 Aamaans acknowledges that this case involves something "other than a physical occupation," and Aamaans concedes that DOT did not take title to or acquire an easement over the Aamaans property. Given these concessions, Aamaans must demonstrate a basis in the record for concluding that the government effected a regulatory taking of the property within the meaning of Brenner . See id. Aamaans fails to do so.
¶10 According to Aamaans, the actions of DOT in relocating Highway 26 diminished the Aamaans property's value as a "multi-purpose travel center," but this is inadequate to demonstrate a regulatory taking because the contention does not include an allegation that "there is a legally imposed restriction upon the property's use." See id. , ¶44 (citation omitted). As our supreme court has made clear, the legally imposed restriction required for a regulatory taking encompasses only an actual regulation on the property and does not include "an indirect result of government action." See Eberle , 227 Wis. 2d at 621-22 (citation omitted).
¶11 Nonetheless, Aamaans argues that the relocation of Highway 26 frustrated Aamaans's investment-backed expectations of a multi-faceted travel center, which was dependent on convenient access to the highway, and Aamaans contends that "government action which frustrates an owner's investment-backed expectations can result in a taking." In support, Aamaans points to the United States Supreme Court's opinion in Penn Central Transportation Co. v. City of New York , 438 U.S. 104 (1978). There, the Court opined: "[t]he economic impact of [a] regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations are, of course, relevant considerations" in assessing whether a regulatory taking has occurred. Id. at 124. Aamaans's reliance on Penn Cent. is misplaced because Aamaans has not shown that it was subjected to a regulation.
¶12 We briefly summarize the relevant aspects of Penn Cent . The case involved the application of New York City's Landmarks Preservation Law, enacted to protect the City's historical structures. See id. at 107. The issue that reached the Supreme Court was "whether a city may ... place restrictions on the development of individual historic landmarks ... without effecting a 'taking' requiring the payment of 'just compensation.' " See id. The Court began its analysis of that question by considering factors that have "particular significance" in assessing "whether a particular restriction will be rendered invalid by the government's failure to pay for any losses proximately caused by it." See id. at 124. Among those significant factors was the effect of a restriction on investment-backed expectations. See id. The Court's discussion is not relevant here, however, because Aamaans is not restricted by any governmental regulation dictating how Aamaans may use or develop its property.
¶13 Moreover, assuming only for the sake of argument that DOT's actions in relocating Highway 26 somehow constituted a regulation of the Aamaans property, Aamaans fails to show that DOT's actions "den[ied Aamaans] all or substantially all practical uses of [the] property." See Brenner , 343 Wis. 2d 320, ¶45 (stating that the sine qua non for a regulatory taking is that it must deny the property owner of all or substantially all practical uses of a property). To the contrary, as DOT points out, the record reveals that in response to a request for admissions under WIS. STAT. § 804.11, Aamaans admitted that in fact it "had not lost all, or practically all of the beneficial use of [the] property." We agree with DOT that the admission is binding: "matters admitted under WIS. STAT. § 804.11 are conclusively established unless the court on motion permits withdrawal or amendment of the admission." See Luckett v. Bodner , 2009 WI 68, ¶-25, 318 Wis. 2d 423, 769 N.W.2d 504 (brackets and citation omitted). We add that Aamaans's reply brief does not include a response to DOT's assertions regarding the effect of the admission under § 804.11. Accordingly, we deem the point conceded.[4] See Schlieper v. DNR , 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994).
¶14 We turn to Aamaans's contention that a landowner is entitled to compensation under some circumstances when "the government has eliminated the owner's access to the abutting highway and replaced it with circuitous access." In support, Aamaans cites Hoffer Properties, LLC v. DOT , 2016 WI 5, 366 Wis. 2d 372, 874 N.W.2d 533. We agree with DOT that Hoffer does not aid Aamaans.
¶15 In Hoffer , the DOT eliminated a property's direct driveway connection to a state trunk highway. See id. , ¶1. A five-justice majority agreed that changing direct access to the highway, including eliminating direct access points, was a duly authorized exercise of police power and was not compensable. See id. , ¶6; see also id. , ¶¶49, 54 & n.24 (Abrahamson, J., concurring). Three justices also suggested that changes in direct access to a highway might nonetheless support a claim for compensation if the action deprives abutting property owners "of all or substantially all beneficial use of the property." See id. , ¶¶6, 33. A majority of the court, however, did not join this aspect of the opinion.[5] Moreover, the suggestion put forward by the three justices would have no bearing here, even if it had the force of law. First, as we have seen, the record does not support a claim that Aamaans lost all or substantially all beneficial use of the property. Second, DOT did not eliminate Aamaans's direct access to Highway 26. There is no dispute that the Aamaans property did not have direct access to Highway 26 before DOT reconfigured the highway; DOT therefore did not take such direct access pursuant to the reconfiguration.
¶16 Aamaans next directs our attention to National Auto Truckstops, Inc. v. DOT , 2003 WI 95, 263 Wis. 2d 649, 665 N.W.2d 198. There, "DOT condemned a portion of [the landowner's] property as part of a reconstruction project," taking a strip of land that contained the owner's only direct access to the highway. See id. , ¶¶1, 4-5. The supreme court agreed that an assessment of the landowner's damages must include consideration of damages arising from the resulting change of highway access. See id. , ¶2. In a subsequent decision, however, the supreme court explained that a fundamental consideration in National Auto was that "the parcel of land taken contained the landowner's only two points of access to a public road." See 118th St. Kenosha , LLC v. DOT , 2014 WI 125, ¶54, 359 Wis. 2d 30, 856 N.W.2d 486 (emphasis added). In the instant case, that fundamental aspect of National Auto is missing: as Aamaans concedes, DOT did not condemn or occupy any portion of the Aamaans property in the course of relocating Highway 26. Significantly, the 118th St. court emphasized that the relocation of a highway, "separate from [a] taking," is not compensable, see id. , 359 Wis. 2d 30, ¶46, and that "damages for a partial taking cannot include damages for the impact caused by loss of access to a highway if the loss of access resulted from the relocation of the highway, rather than from the taking," see id. , ¶57.
¶17 Finally, we reject Aamaans's suggestion that a prior opinion of this court confers a right to compensation for loss of "convenient public access" to Highway 26. See Seefeldt v. DOT , 113 Wis. 2d 212, 216-17, 336 N.W.2d 182 (Ct. App. 1983). Subsequent case law has emphasized that Seefeldt involved a circumstance in which "DOT was acting pursuant to the freeway statute, WIS. STAT . § 84.295." See Hoffer , 366 Wis. 2d 372, ¶40. The statute provides that when a highway "is designated as a freeway or expressway, reasonable provision for public highway traffic service or access to abutting property shall be provided by means of frontage roads ... or the right of access to or crossing of the public highway shall be acquired on behalf of the state." See § 84.295(5). As the Hoffer court explained, the foregoing statutory mandate in § 84.295(5) requires payment to a landowner if DOT "does not provide reasonable access to the freeway." See Hoffer , 366 Wis. 2d 372, ¶40. Indeed, in Seefeldt we explicitly agreed with the proposition that " sec. 84.295(5) requires the state to compensate [the property owners] for the loss of convenient access to [the h]ighway." See Seefeldt , 113 Wis. 2d at 217 (emphasis added). Here, however, § 84.295 is not implicated: the record is uncontroverted that Highway 26 was not designated a freeway or expressway under the statute. Accordingly, Seefeldt does not support a claim that Aamaans is entitled to compensation for loss of convenient access to the highway.
¶18 Aamaans cites a handful of additional cases in support of its claim, but we need not discuss them here. The governing principle in this case is that the relocation of a highway, by itself, is not compensable: "compensation for a taking cannot include damages for a lost point of access to a highway if the point of access was lost because of an act separate from the taking, such as the highway's relocation." 118th St. , 359 Wis. 2d 30, ¶46. Here, a relocation project changed the access to Highway 26 previously enjoyed by the Aamaans property, but that change did not involve either an occupation or a regulation of the property. Accordingly, no compensable taking occurred. For all of the foregoing reasons, we affirm.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

In this court, the second-listed appellant identifies itself as "Aamaan, Inc." The circuit court docket, however, identifies the party as "Aamann, Inc." Pursuant to Wis. Stat. Rule 809.81(9) (2015-16), this court's captions normally identify the parties by their names as they appear in the circuit court docket, and we followed our normal procedure when we docketed this appeal. No party moved to amend the caption. All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Aamaans filed a motion to reconsider the order granting summary judgment approximately three months after filing the notice of appeal. The circuit court denied reconsideration and then transmitted the record to this court. The order denying reconsideration is therefore in the appellate record, but the notice of appeal filed to challenge the order denying summary judgment is not sufficient to initiate an appeal from the order denying reconsideration. A "notice of appeal must sufficiently identify the order being appealed from." State v. Baldwin , 2010 WI App 162, ¶61, 330 Wis. 2d 500, 794 N.W.2d 769. The notice of appeal in this case did not, and in fact could not, mention the motion to reconsider, because Aamaans had not filed the motion as of the date that Aamaans commenced the appeal. Indeed, the motion to reconsider expressly advised that it was "based upon facts that took place after [the] notice of appeal to the court of appeals was filed." Aamaans did not subsequently file a second notice of appeal to challenge the order denying reconsideration. Accordingly, our decision in this case does not include a review of the order denying reconsideration. See Wis. Stat. Rule 809.10(4) (appeal from a final order brings before this court only prior nonfinal judgments and orders). We have, however, considered the arguments that Aamaans presents on appeal without regard to whether Aamaans first raised those arguments in conjunction with the summary judgment motion or in support of reconsideration. Cf. Jackson v. Benson , 218 Wis. 2d 835, 901, 578 N.W.2d 602 (1998) (this court may, in its discretion, review an issue that was not properly preserved).

Aamaans's appellate brief includes citations to both the Wisconsin and the United States Constitutions, but Aamaans does not separately address state and federal constitutional law. Accordingly, we proceed, as did the parties, without drawing a distinction between the analysis conducted under the state and federal constitutions. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we do not develop arguments for parties and cannot serve as both advocate and judge). We add, however, that when considering whether a taking occurred, we generally apply the same standards to claims raised under the state and federal constitutions. See Wisconsin Med. Soc'y, Inc. v. Morgan , 2010 WI 94, ¶38, 328 Wis. 2d 469, 787 N.W.2d 22.

Aamaans filed its reply brief after the deadline and without first seeking an extension from this court. Nonetheless, we have considered the reply brief.

Two justices concurred in the result reached in Hoffer Properties, LLC v. DOT , 2016 WI 5, 366 Wis. 2d 372, 874 N.W.2d 533, but explicitly rejected the discussion concerning whether elimination of direct access to a highway may support a claim for compensation. See id. , ¶¶49-52 & nn.24-26.