SCHNEIDER and wife, Appellants, v. STATE OF WISCONSIN (Division of Highways), Respondent.

*No. 274. Argued May 4, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 172.)

For the appellants there were briefs by *Callahan &
Arnold* of Columbus, attorneys, and *Richard R. Rynders*
of Madison, of counsel, and oral argument by *Carroll B.
Callahan.*

For the respondent the cause was argued by *E. Gordon
Young,* assistant attorney general, with whom on the
brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. Plaintiffs owned approximately 55 acres of land adjacent to Sun Prairie, abutting
State Highway 151 on the south and Thompson Road on
the east. Thompson Road and State Highway 151 intersected at the southeast corner of plaintiffs' property.

In 1956, under the provisions of sec. 84.25, Stats., the
state of Wisconsin designated State Highway 151 a controlled-access highway under the police power. Subsequent to 1956, access to State Highway 151 from the
Schneider property was permitted by private permit and
via Thompson Road by public highway permit. On April
23, 1968, the state acquired 3.29 acres of plaintiffs' property abutting State Highway 151 and Thompson Road in
an eminent domain proceeding for construction of a
frontage road. At the same time the permitted direct
access from the plaintiffs' property to State Highway
151 was withdrawn and the intersection of Thompson
Road with State Highway 151 was closed under the provisions of sec. 84.25.

Plaintiffs were not satisfied with the award granted
for the partial taking of their property and appealed to
the circuit court for Dane county. The jury found the
value of the plaintiffs' property, before the taking was
$175,000; and the value, after the taking, was $158,000;
thus finding the damage suffered by the plaintiffs as a
result of the taking was $17,000. The trial court held
the jury's verdict was excessive and ordered the plaintiffs
to remit $4,000, or have a new trial. Plaintiffs elected

to reject the option to remit the $4,000 and the court ordered a new trial. Plaintiffs have appealed from the order of the trial court modifying the verdict and granting the option to remit $4,000, or have a new trial.

*Plaintiffs' appeal.*

The issue raised by plaintiffs is whether the amount of damages, as determined by the jury's verdict, were excessive.

The measure of damages in a condemnation proceeding, where there is a partial taking, is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the remainder immediately thereafter. *Besnah v. Fond du Lac* (1967), 35 Wis. 2d 755, 758, 151 N. W. 2d 725; *Ken-Crete Products Co. v. State Highway Comm.* (1964), 24 Wis. 2d 355, 359, 129 N. W. 2d 130; sec. 32.09 (6), Stats.

At the trial, the defendant's value witness testified to a before-taking value of $161,400 and an after-taking value of $150,400, or $11,000 in severance damages. Plaintiffs' value witness testified to a before-taking value of $182,000 and an after-taking value of $156,000, or severance damages of $26,000. Plaintiffs' expert testified that the 35 acres of the Schneider property closest to State Highway 151 had been reduced $500 per acre in value by the taking. He testified that these 35 acres were frontage land with a corner, having a value of $3,500 per acre before the taking and $3,000 per acre after the taking. He stated that the reduction in value of the front 35 acres was by reason of the change in the highest and best use of the property and the loss of the commercial factor.

On cross-examination, he testified that the highest and best use of the property prior to the taking was residential and commercial, and that the commercial value of the

property was based on its location in relationship to the community and the fact that it was a corner site. He stated that it was a corner site because of the intersection of State Highway 151 and Thompson Road. He further testified that the front 35 acres lost $500 per acre in value due to the change in the highest and best use, and that this was due to loss of the corner influence and to a change in grade. He stated that the loss of the corner influence was due to the closing of the intersection of State Highway 151 at Thompson Road. He was unable to attribute the loss of commercial value between the loss of the corner and the change in grade. However, he did testify that loss of commercial value was due primarily to loss of the corner. The diminution in value of the front 35 acres by $500 per acre, by reason of the change in the highest and best use because of the closing of the intersection and the change in grade, amounted to $17,500 of the total $26,000 in damages testified to by the plaintiffs' value expert.

The intersection of State Highway 151 and Thompson Road was closed under the exercise of the police power of the state. Control of traffic is subject to the police power of the state. *Stefan Auto Body v. State Highway Comm.* (1963), 21 Wis. 2d 363, 373, 124 N. W. 2d 319. The creation of a controlled-access highway is a proper exercise of the police power. *Nick v. State Highway Comm.* (1961), 13 Wis. 2d 511, 109 N. W. 2d 71, 111 N. W. 2d 95; *McKenna v. State Highway Comm.* (1965), 28 Wis. 2d 179, 135 N. W. 2d 827. This court has held that the exercise of the police power allows injury to property without compensation. *Luber v. Milwaukee County* (1970), 47 Wis. 2d 271, 177 N. W. 2d 380; *More-Way North Corp. v. State Highway Comm.* (1969), 44 Wis. 2d 165, 170 N. W. 2d 749. Where access to a highway is controlled under the exercise of the police power and reasonable access remains, no compensation is required. *Nick v. State Highway Comm., supra.*

Acquisition of property under the power of eminent domain requires just compensation for the taking of interests in property. However, the plaintiffs' property interests do not include an interest in the Thompson Road intersection. This is so because there is no property right to the flow of traffic. The right of access or of ingress and egress of an abutting property owner is a property right the taking of which requires compensation. *Carazalla v. State* (1955), 269 Wis. 593, 70 N. W. 2d 208, 71 N. W. 2d 276; *Stefan Auto Body v. State Highway Comm., supra.* However, there was no issue in this case concerning the adequacy of access from the Schneider property by the frontage road. Since the state provided reasonable access to and from the Schneider property by a frontage road there was no taking requiring compensation.

". . . If by reason of providing a frontage road, or the existence of a previously existing connecting highway, there is reasonable access to the controlled-access highway, no taking requiring compensation should be held to have occurred." *Nick v. State Highway Comm., supra,* page 518.

The right of access does not include the right to the flow of traffic or the continuance of that traffic on a highway. *Stefan Auto Body v. State Highway Comm., supra.* Deprivation of direct access to a highway does not constitute a taking of property provided reasonable access remains. *McKenna v. State Highway Comm., supra.*

The institution of condemnation proceedings and the creation of a controlled-access highway constitute two separate and distinct acts; and where there is reasonable access to abutting property, evidence of loss of value of the property for commercial purposes due to the creation of a controlled-access highway is to be disregarded by the jury in determining severance damages. *Carazalla v. State, supra,* page 608c.

However, excluding evidence of the diminution in value caused by the closing of the Thompson Road intersection (controlled-access highway), which was not compensable, there was no evidence to support the jury's verdict of $17,000 in severance damages.

The trial court must view the evidence in the light most favorable to the jury verdict and determine whether there is any credible evidence to support the verdict. *Gervais v. Kostin* (1970), 48 Wis. 2d 190, 179 N. W. 2d 828. Where the jury fails to follow instructions and the verdict is not supported by any credible evidence, it is the duty of the court to order a remittitur or in the alternative a new trial. *Quick v. American Legion 1960 Convention Corp.* (1967), 36 Wis. 2d 130, 135, 152 N. W. 2d 919. *See Branch v. Oconto County* (1961), 13 Wis. 2d 595, 601, 602, 109 N. W. 2d 105.

Since there was no evidence to support the jury's verdict in this case, the order of the trial court for a new trial, or in the alternative for remittitur, was proper.

*Defendant's petition for review.*

The issue raised by defendant's petition for review is whether it was prejudicial error for the trial court not to have stricken from the record all testimony of value presented by plaintiffs' value witness based upon a change in the highest and best use, and not to instruct the jury to reduce the damages claimed by the plaintiffs in the sum of $17,500.

At the close of plaintiffs' testimony, defendant moved to strike from the record all testimony of diminution in value in the sum of $17,500. Defendant also moved that the court instruct the jury that in arriving at its determination of just compensation, the jury must first reduce the damages claimed by the plaintiffs by the sum of $17,500.

The trial court denied these motions but instructed the jury that if the closing of the intersection of Thompson

Road and State Highway 151 resulted in a change in the highest and best use of plaintiffs' property, or had the effect of diminishing the value of plaintiffs' property, any damage therefrom was not to be taken into consideration in determining the diminution in value of plaintiffs' land resulting from the taking of 3.29 acres by condemnation. Under the facts of this case, the instructions given were proper.

In 5 Nichols, *Eminent Domain* (3d ed.), pp. 18–184, 18–185, sec. 18.42 (1), it is stated:

"It has been held that, though a court may properly strike from the record testimony of value which is based upon an erroneous theory of value, this ruling should not be made when a portion only of the testimony of the witness is improper. In such case a motion should be directed to that portion of the testimony which is objectionable."

Where the valuation testimony embraces proper as well as improper elements, a motion to strike may properly be denied, and the weight to be given the testimony is for the jury following proper instructions by the court. *Gilroy v. Filice* (1963), 221 Cal. App. 2d 259, 34 Cal. Rptr. 368.

In the instant case, the $17,500 figure also included some damage caused by a change in grade as well as loss of commercial use and corner influence due to the elimination of the Thompson Road intersection.

". . . We believe the proper method of decontaminating such testimony is to establish the degree to which the opinion of value has been influenced by the convenience of access which is eliminated under the police power and then to instruct the jury to disregard such in fixing damages." *State v. Wilson* (1966), 4 Ariz. App. 420, 431, 420 Pac. 2d 992, 1003.

Admittedly, the change in grade was not a significant factor in changing the highest and best use of the property. Nevertheless, it was a factor. The question of striking the testimony in question is addressed to the

discretion of the trial court. Upon deciding to deny the motion to strike, it becomes incumbent upon the trial court to give proper instructions. Proper instructions to the jury were given in this case. In our opinion, the procedure followed by the trial court constituted a proper exercise of judicial discretion which must be sustained although reasonable judicial minds might differ in the procedure to be followed in ruling on such a motion.

*By the Court.*—Order affirmed.