JANTZ, Appellant, v. STATE OF WISCONSIN (DIVISION OF HIGHWAYS), Respondent.

*No. 182. Argued April 2, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 266.)

For the appellant there was a brief by *William G. Bunk* and *Simester, Schowalter & Bunk,* all of West Bend, and oral argument by *William G. Bunk.*

For the respondent the cause was argued by *Michael E. Perino,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. As a part of its overall plan for the development of U. S. Highway 41–45 as a controlled-access highway from Milwaukee to the Fox River

Valley, the state highway department did three things that affected plaintiff's property: (1) It took .38 acres of land for the widening of Highway 41–45; (2) it relocated and straightened Maple Road, an intersecting highway; and (3) it changed the grade of Maple Road, building an overpass across Highway 41–45 at the intersecting of the road and highway.

If the three state actions are considered to be a single act or part of an inseparable whole, sec. 32.09 (6), Stats., would apply. It provides that, where there is a partial taking of land in a condemnation proceeding, ". . . the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation . . . ." Where there is such single act or inseparable whole, sec. 32.09 (6) (f) provides compensation for "[d]amages to property abutting on a highway right of way due to change of grade where accompanied by a taking of land." The state contends that par. (f) applies only where land is taken as a result of a change in grade. Claiming that the three state acts constitute a single act, plaintiff sees the change of grade of Maple Road to be related to and accompanied by the taking of land on the other side of plaintiff's property for the widening of Highway 41–45.

If the three state acts, particularly the taking of land for the widening of Highway 41–45 and the change of grade of Maple Road, are considered to be separate and distinct acts, sec. 32.18, Stats., entitled, "Damage caused by change of grade of street or highway where no land is taken . . ." applies. This statute provides that, where a road improvement project causes a change of grade but does not require a taking of any abutting lands, ". . . the owner of such lands at the date of such change of grade may file [with the state or local highway department]

. . . a claim for any damages to said lands occasioned by such change of grade. . . ." Special benefits may be offset against any claims for damage under this section, and certain time limits are set for the filing of such claim and the commencement of an action against the highway department involved. None of these procedural requirements were here met, as plaintiff does not bring her action under sec. 32.18. Thus the question is not reached as to whether plaintiff remained in the status of an owner of abutting lands after Maple Road was relocated, with a stub of the old road connecting plaintiff's property with the new road.

In its opinion and rulings on preliminary motions, the trial court held the taking of .38 acre of land on one side of plaintiff's property and the closing of the on-grade traffic intersection by relocation and change of grade of Maple Road on another side of plaintiff's property to be separate and distinct acts. In its decision and order, the trial court found that the closing of Maple Road ". . . as such was under the exercise of police power of the State . . . ." It held the taking of the land, pursuant to sec. 32.09 (6) and (6) (f), Stats., to be an exercise of eminent domain under condemnation proceedings and the relocation and change of grade of Maple Road to be an exercise of the police power of the state. Both the finding of fact and conclusion of law are upheld.

On the question of damages, in a recent case this court dealt with another corner site situation where there was a partial taking of land for construction of a frontage road for a controlled-access highway and a contemporaneous closing of intersection and change of grade of a crossroad. (*Schneider v. State* (1971), 51 Wis. 2d 458, 187 N. W. 2d 172.) There this court held that the closing of the intersection was an exercise of the police power of the state. (Id. at page 462.) The case distinguishes between an "[a]cquisition of property under the power of

eminent domain [requiring] just compensation for the taking of interests in property, . . ." (Id. at page 463) and the ". . . exercise of the police power [that] allows injury to property without compensation. . . ." (Id. at page 462.) It repeats that the ". . . [d]eprivation of direct access to a highway does not constitute a taking of property provided reasonable access remains. . . ." (Id. at page 463.) As to the taking of land for a frontage road to the controlled-access highway and the closing of an intersecting road, the case holds: "The institution of condemnation proceedings and the creation of a controlled-access highway constitute two separate and distinct acts . . . ." (Id. at page 463.)

In an earlier case, this court dealt with the situation where there was a partial taking of land under the right of eminent domain and a contemporaneous exercise of police power in making a relocated highway a controlled-access highway. (*Carazalla v. State* (1955), 269 Wis. 593, 70 N. W. 2d 208, 71 N. W. 2d 276.) There this court initially held that the partial taking and the exercise of police power were a single act—inseparable parts of a single highway improvement project. (*Id.* at pages 599–603.) Upon rehearing, this court found the partial taking and the designation of U. S. Highway 51 as a controlled-access highway to be separate and distinct acts, holding, "However, in our original opinion we failed to perceive that any damages to the remaining lands due to the exercise by the state of its police power in making the relocated highway a controlled-access highway are not recoverable. The reason for such lack of perception was that the institution of the condemnation proceedings and the designation of the relocated highway as a controlled-access highway were so interwoven that we considered the two to be an inseparable whole when actually they constituted two separate and distinct acts." (*Id.* at page 608c.) In the case before us, the taking of .38 acre of land

on one side of plaintiff's property and the relocation and change of grade of Maple Road on another side of the property are less "interwoven" than in *Carazalla.*

Affirmance in the case before us is based on the separateness of the state action in widening Highway 41–45 and its actions in relocating and changing the grade of Maple Road to eliminate the on-surface intersecting of such road and such highway. When the state widened the highway, it was not thereby required to elevate the intersecting road. That both undertakings are related to a single overall highway improvement purpose does not merge the actions into a single act or warrant holding that the change of grade of Maple Road was accompanied by a taking of plaintiff's land.

Holding that sec. 32.09 (6) and (6) (f), Stats., apply here only to the taking of .38 acre of land and that sec. 32.18 applies as to any claim for damages due to change of grade of Maple Road, the foundation is removed for plaintiff's claim of damages arising from the relocation and change of grade of Maple Road. Claims of compensable damages due to loss of view, loss of direct access, loss of income and change of grade were based on the before-taking and after-taking test under sec. 32.09 (6). (*See: Besnah v. Fond du Lac* (1967), 35 Wis. 2d 755, 758, 151 N. W. 2d 725.) That test does not apply because sec. 32.09 (6) does not apply. The change of grade and relocation of Maple Road cannot be termed, and is not claimed to be, a constructive taking rendering the land ". . . useless for all reasonable purposes." (*Just v. Marinette County* (1972), 56 Wis. 2d 7, 15, 201 N. W. 2d 761, quoting *Buhler v. Racine County* (1966), 33 Wis. 2d 137, 146 N. W. 2d 403.) If appellant qualified as an owner of abutting property to the relocated Maple Road, any claim for damages caused by the change of grade of Maple Road would lie under the provisions of sec. 32.18. However, plaintiff's claim was not brought under that statute

and the procedures required by sec. 32.18 as to filing of claim with the highway department within ninety days of the completion of the project and commencing an action within ninety days after denial of such claim by such department were not here met.

It follows that the trial court here was entirely correct in enjoining testimony, except for offer of proof, as to claims of damage for loss of view, loss of income, and circuity of access due to the relocation and change of grade of Maple Road, and entirely correct in limiting damages to damages sustained as a consequence of the taking of .38 acre of land via condemnation for widening Highway 41–45 to a multilane highway.

*By the Court.*—Judgment affirmed.