LUNDSTEN, P.J.
*54 ¶1 The appellants (collectively, the Nonns) own and operate a business that was affected by a highway construction project. They seek compensation under WIS. STAT. § 32.09(6)[1] for what they allege is a reduction in the value of their property caused by the installation of a traffic-blocking highway median that reduced access to their property from an adjacent highway. The Nonns argue that, because a single highway project included both a "partial taking" of their property for a sidewalk within the meaning of § 32.09(6) and the traffic-blocking median, the alleged reduction in value caused by the median is compensable even though the partial taking of property for the sidewalk did not cause the loss of access. This means, according to the Nonns, that the circuit court erred by granting DOT's pretrial *669 motion to exclude evidence of damages caused by the traffic-blocking median. *55 ¶2 We agree with the circuit court that 118th Street Kenosha, LLC v. DOT , 2014 WI 125, 359 Wis. 2d 30, 856 N.W.2d 486, requires that we reject the Nonns' argument. Like the 118th Street court, we do not hold that access damages of the sort the Nonns seek are not compensable under any theory, but only that the access damages are not compensable under WIS. STAT. § 32.09(6), the authority the Nonns rely on. See 118th Street , 359 Wis. 2d 30, ¶¶33, 58, 856 N.W.2d 486. Accordingly, we affirm the circuit court.
Background
¶3 The Nonns operate a restaurant on property they own at the intersection of U.S. Highway 14 and County Highway P in the Village of Cross Plains. In 2014, DOT commenced a highway improvement project affecting this intersection and the Nonns' property. As a part of that project, on September 11, 2014, DOT acquired 158 square feet of the Nonns' property for the purpose of a "pedestrian accommodation," which we understand to be a sidewalk.
¶4 The project also included installing a traffic-blocking median on Highway 14. The median prevented restaurant customers from making left-hand turns from Highway 14 into the parking lot and also prevented customers from turning left out of the restaurant parking lot to head westbound on Highway 14. As to Highway 14 westbound vehicles, there was, and remained, access to the restaurant parking lot via another road adjacent to the property, County Highway P. We assume for purposes of this opinion that this reduced access negatively affects the value of the property.
¶5 It is undisputed that the award for the partial taking of the Nonns' property for a sidewalk did not include compensation for any reduction in the *56 value of the property caused by the traffic-blocking median. The Nonns appealed the amount of the award to the circuit court pursuant to WIS. STAT. § 32.05(11).
¶6 Prior to a scheduled trial, DOT filed a motion in limine seeking to exclude evidence of damages relating to Highway 14 access. DOT argued that the Highway 14 access evidence is not admissible because, under the circumstances here, the evidence does not relate to damages that are compensable under WIS. STAT. § 32.09. The circuit court agreed with DOT and excluded evidence of Highway 14 "access or access related damages." The court later denied the Nonns' motion for reconsideration relating to the access damages evidence and, pursuant to a stipulation, entered a final judgment. The Nonns appeal.
Statutory Subsections Involved
¶7 Although much of the language in WIS. STAT. § 32.09(6) and (6g) does not matter for purposes of the pertinent holding in 118th Street or our application of that holding to the facts here, we provide the full text of those subsections for easy reference. Section 32.09(6) and (6g) provides:
32.09 Rules governing determination of just compensation. In all matters involving the determination of just compensation in eminent domain proceedings, the following rules shall be followed:
....
(6) In the case of a partial taking of property other than an easement, the compensation to be paid by the condemnor shall be the greater of either the fair market value of the property taken as of the date of evaluation or the sum determined by deducting from the fair market value of the whole property immediately *57 before the date of evaluation, the fair market value of the remainder immediately *670 after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the following items of loss or damage to the property where shown to exist:
(a) Loss of land including improvements and fixtures actually taken.
(b) Deprivation or restriction of existing right of access to highway from abutting land, provided that nothing herein shall operate to restrict the power of the state or any of its subdivisions or any municipality to deprive or restrict such access without compensation under any duly authorized exercise of the police power.
(c) Loss of air rights.
(d) Loss of a legal nonconforming use.
(e) Damages resulting from actual severance of land including damages resulting from severance of improvements or fixtures and proximity damage to improvements remaining on condemnee's land. In determining severance damages under this paragraph, the condemnor may consider damages which may arise during construction of the public improvement, including damages from noise, dirt, temporary interference with vehicular or pedestrian access to the property and limitations on use of the property. The condemnor may also consider costs of extra travel made necessary by the public improvement based on the increased distance after construction of the public improvement necessary to reach any point on the property from any other point on the property.
*58 (f) Damages to property abutting on a highway right-of-way due to change of grade where accompanied by a taking of land.
(g) Cost of fencing reasonably necessary to separate land taken from remainder of condemnee's land, less the amount allowed for fencing taken under par. (a), but no such damage shall be allowed where the public improvement includes fencing of right-of-way without cost to abutting lands.
(6g) In the case of the taking of an easement, the compensation to be paid by the condemnor shall be determined by deducting from the fair market value of the whole property immediately before the date of evaluation, the fair market value of the remainder immediately after the date of evaluation, assuming the completion of the public improvement and giving effect, without allowance of offset for general benefits, and without restriction because of enumeration but without duplication, to the items of loss or damage to the property enumerated in sub. (6)(a) to (g) where shown to exist.
Discussion
¶8 For purposes of this appeal, there is no dispute that the traffic-blocking median reduced access to the Nonns' property and made it less valuable. The nominal question is whether the circuit court correctly granted DOT's motion to exclude evidence of damages relating to the traffic-blocking median. But this question hinges entirely on whether the evidence was relevant. The question of relevance hinges, in turn, on whether the loss of value caused by the median is compensable under WIS. STAT. § 32.09(6), a subsection authorizing compensation "[i]n the case of a partial taking of property." More specifically, the question is whether the loss is compensable under § 32.09(6) in *59 light of the undisputed fact that the partial taking here, 158 square feet for a sidewalk, was not a cause of the loss of access. *671 ¶9 The Nonns' overall argument and sub-arguments are not easily summarized. As best we can tell, the Nonns' general argument is that their loss of access damages are compensable under WIS. STAT. § 32.09(6) because the "partial taking" for the sidewalk, although not itself a cause of the loss of access, was part of a larger project that did include the cause of the loss of access, namely, the traffic-blocking median. As to the supporting sub-arguments, the Nonns extensively discuss case law, and also point to language in § 32.09(6) defining the calculation of damages.[2]
¶10 DOT argues that 118th Street , properly read, requires us to reject the Nonns' arguments. We agree. We do not interpret WIS. STAT. § 32.09(6), either by looking to the language of that subsection or by *60 looking to cases prior to 118th Street . Rather, we apply the interpretation given § 32.09(6), and its companion subsection, § 32.09(6g), in 118th Street and apply that interpretation to the undisputed facts here.
¶11 We begin our discussion of 118th Street with two clarifications.
¶12 First, although 118th Street involved the "taking of an easement" under WIS. STAT. § 32.09(6g), the 118th Street court's statutory construction analysis applies equally here. This is true because the pertinent language in the two subsections is the same. Section 32.09(6) reads:
In the case of a partial taking of property other than an easement, the compensation to be paid by the condemnor shall be ....
(Emphasis added.) And, § 32.09(6g) reads:
In the case of the taking of an easement, the compensation to be paid by the condemnor shall be ....
(Emphasis added.) Indeed, the 118th Street court discusses several "partial taking" cases as if the partial taking statutory scheme, so far as pertinent to the issue at hand, was exactly the same. See 118th Street , 359 Wis. 2d 30, ¶¶44-55, 856 N.W.2d 486. Accordingly, what we say about 118th Street 's analysis applies to a "partial taking" under § 32.09(6), even when the 118th Street court was discussing § 32.09(6g). And, as we reference in ¶19 and the accompanying footnote 4, there is additional pertinent language in common.
¶13 Second, although 118th Street involved a "temporary limited easement," we use only the term "easement" in our discussion. Nothing about the nature of the easement mattered to the 118th Street *61 court's legal analysis. The court explained that it need not resolve whether a "temporary limited easement" is an "easement" as that term is used in WIS. STAT. § 32.09(6g). See *672 118th Street , 359 Wis. 2d 30, ¶¶6, 36 n.12, 38, 60, 856 N.W.2d 486.[3]
¶14 With those clarifications in mind, we turn our attention to the 118th Street court's statutory construction analysis.
¶15 Broadly speaking, the Nonns' arguments fail because the arguments assume incorrectly that WIS. STAT. § 32.09(6) and (6g) can properly be read as authorizing damages that result from a road construction project that involves a partial taking of property or the taking of an easement, even if the damages sought are not caused by the partial taking or the easement. The 118th Street court held just the opposite.
¶16 The issue in 118th Street was whether WIS. STAT. § 32.09(6g), the subsection governing compensation "[i]n the case of the taking of an easement," should be construed to authorize damages for a loss of access to a public road where the loss of access was caused by a "greater highway reconstruction project" that included the taking of an easement, but the taking of an easement did not cause the loss of access to the public road. See 118th Street , 359 Wis. 2d 30, ¶¶4, 10-11, 22, 33, 36-37, 856 N.W.2d 486.
¶17 Similar to the Nonns here, the property owner in 118th Street argued that access damages *62 were authorized because of language in WIS. STAT. § 32.09(6) and (6g) addressing how damages are calculated. See 118th Street , 359 Wis. 2d 30, ¶¶24-25, 27, 856 N.W.2d 486. For example, like the Nonns, the property owner in 118th Street pointed to purportedly broad language-"assuming the completion of the public improvement"-found in both subsections (6) and (6g). See id. , ¶¶25, 35. However, the owner's reliance in 118th Street on this and other damages-calculation language puts the cart before the horse. The 118th Street court discerned that the starting point is the government action for which compensation is due, not the manner in which the compensation is calculated.
¶18 To repeat, WIS. STAT. § 32.09(6g) begins "[i]n the case of the taking of an easement, the compensation to be paid by the condemnor shall be." The 118th Street court acknowledged other statutory language that followed describing the calculation of compensation, but looked to this lead-in to conclude that the compensation "due" is compensation "for 'the taking of an easement,' " and this means compensation for a loss caused by the taking of an easement. See 118th Street , 359 Wis. 2d 30, ¶¶35-36, 856 N.W.2d 486.
¶19 The 118th Street court explained that the legislative intent not to provide compensation for other aspects of a related project is clear because WIS. STAT. § 32.09(6g) directs that the calculation be based on a comparison of values "before and after the 'date of evaluation,' which other statutory provisions explain" is a date tied to the date an easement is acquired. 118th Street , 359 Wis. 2d 30, ¶37, 856 N.W.2d 486 (footnote omitted). According to the court, the "plain purpose" of tying compensation to the "date of evaluation" and, thus, to the easement, is to limit damages to those caused by the taking of the easement. See id. Thus, the *63 118th Street court held that § 32.09(6g) does not authorize damages for the diminution in property value caused by another aspect of the same project-the loss of access to 118th Street-because that loss was not caused by the taking of the easement. See *673 118th Street , 359 Wis. 2d 30, ¶¶58, 61, 856 N.W.2d 486.[4]
¶20 It follows that we must reject the Nonns' argument that they are entitled to loss-of-access damages under WIS. STAT. § 32.09(6). As noted, the relevant statutory language does not differ between § 32.09(6) and (6g). And, as in 118th Street , it is undisputed that the statutory trigger, here the partial taking of property, was not the cause of the damages that the owner seeks.
¶21 We now address what we understand to be the Nonns' primary arguments as to why 118th Street does not control the outcome here.
¶22 First, the Nonns argue that 118th Street does not bind us because, unlike here, the loss of access in 118th Street resulted from a part of a project that was distinct from the project involving the statutory trigger, that is, the taking of an easement. Specifically, the Nonns assert that the loss of access in 118th Street did not result from "the project which required the [easement]," but instead was the result of "a separate proceeding, almost certainly later in the year." The *64 Nonns contend that here, in contrast, it is clear that the partial taking and the installation of the traffic-blocking median were part of the same "overall project" with a "single project ID number." We understand the Nonns to be arguing that this factual difference means that the property owners in 118th Street could not make the arguments that the Nonns are making here. We disagree.
¶23 Nothing in the 118th Street opinion suggests that the court was concerned with whether the loss of access was part of a project separate from the project involving the easement. To the extent the 118th Street court commented on this topic, it does not help the Nonns. The 118th Street court made the point that a highway construction project is often comprised of distinct smaller projects, but that this connection with a larger project "does not necessarily merge each project into one single compensable act." 118th Street , 359 Wis. 2d 30, ¶33, 856 N.W.2d 486. The point the 118th Street court is making is that, regardless whether the taking of an easement, or a partial taking of property for that matter, is cast as a distinct project or something that is part of a larger project, the statutory scheme authorizes compensation only for damages caused by the easement or the partial taking. Moreover, to the extent the 118th Street court discusses whether the taking of an easement was in some sense a distinct event, it appears the court assumed that both the easement activity and the activity that caused the lack of access were part of a single "greater Highway Reconstruction Project." See id. , ¶¶10-11.
¶24 The second approach the Nonns take in an attempt to distinguish 118th Street focuses on statements in that decision summarizing or distinguishing prior cases. The Nonns contend that the statements in *65 118th Street , some of which summarize holdings in prior cases, constitute narrow legal holdings regarding what is and is not compensable under *674 WIS. STAT. § 32.09(6) and (6g). That is, the Nonns attempt to persuade us that 118th Street does not set forth the generally applicable interpretation of § 32.09 that we describe in paragraphs 18 and 19 above, but that the 118th Street court instead relied on fact-specific rules found in prior cases applying § 32.09(6) and (6g). We are not persuaded. We do not address all of the statements the Nonns point to in 118th Street and other cases on this topic. One such statement exemplifies the Nonns' flawed interpretation of 118th Street .
¶25 The Nonns assert that the 118th Street court ruled narrowly and did so based on Jantz v. State , 63 Wis. 2d 404, 217 N.W.2d 266 (1974) ; Schneider v. State , 51 Wis. 2d 458, 187 N.W.2d 172 (1971) ; and Carazalla v. State , 269 Wis. 593, 70 N.W.2d 208, 71 N.W.2d 276 (1955). The Nonns point to the following statement in 118th Street : " Carazalla II , Jantz , and Schneider stand for the principle that damages for a partial taking cannot include damages for the impact caused by loss of access to a highway if the loss of access resulted from the relocation of the highway, rather than from the taking." See 118th Street , 359 Wis. 2d 30, ¶57, 856 N.W.2d 486. According to the Nonns, this sentence means that the 118th Street court read Carazalla II , Jantz , and Schneider as dictating that access damages sought in 118th Street were not authorized by WIS. STAT. § 32.09(6g) because those damages resulted from the relocation of a highway , rather than from the taking of an easement. This is a misreading of 118th Street .
¶26 The 118th Street court was not making the point that the prior cases somehow contained a narrow *66 ruling specific to the relocation of a highway. Rather, the court was explaining that the damages sought in those "partial taking" cases were not covered by WIS. STAT. § 32.09(6) because the damages were not caused by the partial taking and, therefore, the results in those cases were consistent with the 118th Street court's reading of § 32.09(6). See 118th Street , 359 Wis. 2d 30, ¶57, 856 N.W.2d 486.
¶27 More generally, we acknowledge that the 118th Street court devoted significant attention to describing the facts and results in prior cases. See id. , ¶¶39-56. However, the 118th Street court uniformly discussed those cases simply to demonstrate that its interpretation of WIS. STAT. § 32.09(6) and (6g) is consistent with the results in those other cases. See, e.g. , 118th Street , 359 Wis. 2d 30, ¶56, 856 N.W.2d 486 ("Hence, Carazalla II , Jantz , Schneider , and National Auto Truckstops [, Inc. v. DOT , 2003 WI 95, 263 Wis. 2d 649, 665 N.W.2d 198,] all comport with the plain language of Wis. Stat. § 32.09(6), which allows 'compensation' for damages caused by 'a partial taking of property.' ").
¶28 The parties address other issues, but none affect our analysis. DOT, for example, argues in the alternative that the loss of access was not compensable because the traffic-blocking median was installed pursuant to DOT's police powers. We need not address this alternative argument. An example of an argument made by the Nonns that does not matter is the Nonns' challenge to the circuit court's interpretation of the term "use" in WIS. STAT. § 32.09(6)(e). This argument is inapposite because, under the 118th Street interpretation of the statutory scheme, § 32.09(6)(e) -a damages calculation subsection-comes into play only if any alleged loss in value is, in the first instance, caused by *67 either a "partial taking of property" under § 32.09(6) or a "taking of an easement" under § 32.09(6g).
¶29 In sum, we conclude that the supreme court's decision in 118th Street controls here. The 118th Street court held that the damages authorized by *675 WIS. STAT. § 32.09(6) and (6g) must be caused by "a partial taking of property" under sub. (6) or caused by "the taking of an easement" under sub. (6g). Thus, § 32.09(6) does not authorize the loss of access damages the Nonns seek here because the loss of access was not caused by the partial taking of property for a sidewalk. It follows that the circuit court properly granted DOT's motion to exclude evidence of damages relating to the reduced Highway 14 access. Also, as in 118th Street , we do not hold that access damages of the sort the Nonns seek are not compensable under any theory. Rather, we address the only source of authority the Nonns rely on, § 32.09(6).
Conclusion
¶30 For the reasons above, we affirm the circuit court.
By the Court. -Judgment affirmed.

All references to the Wisconsin Statutes are to the 2017-18 version. For ease of reference, we cite to the current version because there have been no changes to the relevant language.

We have carefully examined the Nonns' appellate briefs and we find nothing resembling a developed argument relying on authority apart from Wis. Stat. § 32.09(6). The Nonns do point to statements in cases suggesting that compensation might be available based on other authority in the situation at hand, but the scattered references fall far short of developed argument. For example, the Nonns seem to argue that, regardless of § 32.09(6), the reduced Highway 14 access was a compensable taking under Narloch v. DOT , 115 Wis. 2d 419, 340 N.W.2d 542 (1983). But the Nonns do not then follow through with a coherent explanation as to what situation the Narloch court was referring to when it stated that the taking of "a right of access" is a taking "which requires compensation" or why that situation is present here. See id. at 430, 340 N.W.2d 542. For that matter, we note that the property owner in 118th Street Kenosha, LLC v. DOT , 2014 WI 125, 359 Wis. 2d 30, 856 N.W.2d 486, to no avail, pointed to the very same Narloch quote to support the proposition that it was entitled to compensation. See 118th Street , 359 Wis. 2d 30, ¶26, 856 N.W.2d 486.

For that matter, we note that the road construction project in this case also involved a temporary limited easement, here involving 2,617 square feet of the Nonns' property. But the Nonns do not rely on the temporary limited easement as a basis for seeking additional damages, which is just as well because the result would be the same.

Both Wis. Stat. § 32.09(6) and (6g) have the "date of evaluation" language that ties compensation to the date of the taking of an easement, in the case of sub. (6g), and to the date of a partial taking of property, in the case of sub. (6). In 118th Street , 359 Wis. 2d 30, ¶37 n.13, 856 N.W.2d 486, the court cites § 32.09(1) to support its assertion that "[t]he 'date of evaluation' generally is the date on which the easement is acquired." Section 32.09(1) addresses both the partial taking of property with its cross-reference to Wis. Stat. § 32.05(7)(c) and the taking of an easement with its cross-reference to Wis. Stat. § 32.06(7).