COURT OF APPEALS
DECISION
DATED AND FILED

March 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP497**

Cir. Ct. No. 2018CV813

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

SECORS, INC. P/K/A WAUSAU HARLEY DAVIDSON, INC. AND GORDON ROHDE,

PLAINTIFFS-APPELLANTS,

V.

CITY OF WAUSAU, WISCONSIN DEPARTMENT OF TRANSPORTATION, OFFICE OF THE COMMISSIONER OF RAILROADS AND WISCONSIN CENTRAL, LTD.,

DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Marathon County: JILL N. FALSTAD, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Secors, Inc., and Gordon Rohde ("Secors") sued the City of Wausau ("the City"), alleging that the closure of vehicular traffic access from Secors' property to Townline Road in Wausau for reconstruction of a railroad crossing amounted to a taking of its property without due process and just compensation. Secors then amended its complaint to add the Wisconsin Department of Transportation ("DOT"), the Office of the Commissioner of Railroads ("OCR"), and Wisconsin Central Limited ("WCL") as parties. Secors claimed that the blocking of its access to Townline Road involved those entities in a "railroad crossing improvement" and that they violated the requirements of WIS. STAT. chs. 84 and 195 (2019-20).[1] Secors also made claims against the DOT and OCR related to eminent domain, violation of due process, equal protection, and claims for mandamus and judicial review.

¶2 Ultimately, the circuit court granted judgment to the DOT, OCR and WCL following their motions to dismiss Secors' amended complaint for failure to state a claim upon which relief can be granted. Secors now appeals that judgment. It contends the court erred because its factual allegations against the DOT and OCR in its amended complaint, if true, are sufficient to entitle Secors to relief against those parties. Secors also contends that the court erred in dismissing its claims against WCL for one of two reasons: (1) WCL's liability to Secors is implied by law; and (2) if liability is not legally implied, WCL was a necessary and indispensable party to Secors' petition for judicial review of an administrative proceeding. We reject Secors' arguments and conclude that the circuit court

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

correctly determined that Secors' amended complaint against the DOT, OCR and WCL failed to state any claims against those parties. We therefore affirm.[2]

## BACKGROUND

¶3 Because this appeal is before us upon the granting of motions to dismiss for failure to state a claim, we recite the facts as alleged in Secors' operative pleading. Secors owns two adjacent properties located at Townline Road in the City.[3] The City voted in a closed meeting to block Secors' property at 936 Townline Road from access to Townline Road for the purpose of the reconstruction of a railroad crossing, thus restricting vehicular access to its property. The City subsequently resolved to obtain part of Secors' property pursuant to a revised Transportation Project Plat, but Secors alleged it did not follow eminent domain procedure, which would dictate giving Secors a jurisdictional offer or alternatives to closing its access to Townline Road. According to Secors, an unimproved access way—a dirt road—that connects its property to Single Avenue is insufficient to accommodate the frequent commercial truck traffic access to its property.

¶4 Secors' amended complaint generally alleged that Secors was solely burdened with the costs of the railroad improvements whereas the City, the DOT, and/or OCR should have paid those costs. Secors also alleged differential treatment from that of other property owners who received compensation for takings with

---

[2] The circuit court left intact several of Secors' claims against the City, which are not at issue on this appeal.

[3] Secors owns two adjacent properties located at Townline Road. The first has an address of 936 Townline Road (Parcel 1) and the second has an address of 950 Townline Road (Parcel 2). Secors collectively refers to these properties as "936 Townline Road."

regard to the proposed improvements. Secors contends this differential treatment violated its rights to due process and equal protection under the law.

¶5 Specifically, Secors' amended complaint contained nine causes of action, seven of which are before us on appeal. Claims I and VII were brought solely against the City, and the City remains a party to the existing litigation with regard to those claims. The remaining seven claims against the DOT and OCR were: a claim that those parties violated WIS. STAT. chs. 84 and 195 (Claim II); a takings claim (Claims III and IV); a due process claim (Claim V); an equal protection claim (Claim VI); a claim for a writ of mandamus (Claim VIII); and a claim against OCR under WIS. STAT. § 227.53 (Claim IX). Secors' amended complaint also alleged that WCL was liable for taking its property because if the City, the DOT, or OCR had exercised eminent domain authority, then WCL could be held liable to Secors because OCR could have apportioned costs between the different entities. Alternatively, Secors alleged that WCL was a necessary party in this litigation related to the failure of OCR to properly notice and conduct a hearing on changes made to the railroad crossing.

¶6 The DOT, OCR and WCL filed motions to dismiss the amended complaint for failure to a state claim upon which relief could be granted. The circuit court issued a written decision granting the motions to dismiss. The court reasoned that the DOT and OCR should be dismissed because the amended complaint focused its allegations on the City. The court's decision noted that the amended complaint "attempts to spread that blame around, asserting that 'the City, and possibly OCR, [ ]DOT, and [WCL], acted in violation of Wisconsin Statutes when they closed the Plaintiffs' Townline Road access without proper notice, opportunity to be heard, and without just compensation.'" The court then stated that "it was the City that voted to close the driveway, it was the City that failed to make a jurisdictional offer,

4

and it was the City that deprived the plaintiffs of notice and an opportunity to be heard."

¶7      The circuit court further noted that the "amended complaint offers only bare legal conclusions, not allegations of fact" regarding those claims. The court therefore found that the amended complaint failed to state a claim against the DOT and OCR for which relief could be granted. The court granted WCL's motion to dismiss for similar reasons and that "[n]early everything that was true about the State defendants' motions is also true about [WCL]'s motion." Secors now appeals.

## DISCUSSION

¶8      Whether a complaint states a claim upon which relief can be granted is a question of law that we review independently. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. To survive a motion to dismiss for failure to state a claim, a complaint must contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief." WIS. STAT. § 802.02(1)(a); *see also Data Key Partners*, 356 Wis. 2d 665, ¶20. Stated differently, a complaint must plead facts, which if true, would entitle the plaintiff to relief. *Data Key Partners*, 356 Wis. 2d 665, ¶21. When determining whether a complaint states a claim, we must accept as true all well-pleaded facts in the complaint and the reasonable inferences drawn therefrom. *Id.*, ¶19. However, we do not accord any weight or truth to legal conclusions alleged in a complaint. *Id.*

¶9      "[T]he sufficiency of a complaint depends on substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled." *Id.*, ¶31. "If proof of the well-pleaded facts in a complaint would

satisfy each element of a cause of action, then the complaint has stated a claim upon which relief may be granted." *Cattau v. National Ins. Servs. of Wis., Inc.*, 2019 WI 46, ¶6, 386 Wis. 2d 515, 926 N.W.2d 756, reconsideration denied, 2019 WI 84, 388 Wis. 2d 652, 931 N.W.2d 538.

## I. Dismissals of the DOT and OCR

¶10    As mentioned above, Secors' amended complaint contains seven claims relevant on appeal.  We will address each of its claims in turn.

### A. *Violation of WIS. STAT. chs. 84 and 195  (Claim II)*

¶11    Secors argues that its amended complaint stated a viable claim against the DOT and OCR for violations of WIS. STAT. chs. 84 and 195.  Secors contends the "[the DOT and OCR] were required to give notice to Secors and conduct a public hearing once they determined that improvements to the Townline Road railroad crossing were required in the interest of public safety or convenience." *See* WIS. STAT. § 84.05 ("[T]he department shall lay the matter before the office of the commissioner of railroads, and the office of the commissioner of railroads shall review the proceedings and hold a hearing thereon."); WIS. STAT.§ 195.29(1) ("[T]he office shall give notice to the parties in interest and proceed to investigate the same and to order a hearing thereon.").

¶12    Secors contends that Claim II sufficiently alleged that the DOT and OCR failed to comply with either of those statutes by failing to give notice of a hearing to Secors.  It is clear from the face of the amended complaint it did no such thing.  Of relevance, Secors alleged that on March 26, 2017, the DOT filed a petition with OCR requesting a safety determination as to proposed alterations to the railroad crossing at Townline Road.   Secors   alleged   that   these   proposed   alterations

specifically included the closing of Secors' driveway and parking lot. The amended complaint alleged that despite the DOT's petition including a proposed taking of Secors' property, Secors was not given notice of the petition, nor was it given the opportunity to participate in any public hearing. Meanwhile, Secors' amended complaint never alleged a factual basis for blaming the DOT or OCR for this failure.

¶13 Secors' arguments are at odds with other allegations in its amended complaint, which are relevant when reviewing a motion to dismiss. *See Peterson v. Volkswagen of Am., Inc.*, 2005 WI 61, ¶15, 281 Wis. 2d 39, 697 N.W.2d 61. The amended complaint placed the blame for the lack of notice of an administrative proceeding squarely on the City, not the DOT or OCR. Specifically, paragraph 23 of the amended complaint stated in relevant part, that "the City improperly removed [Secors] from the list of owners affected by improvements to Townline Road, … as a result, [Secors] did not receive proper notices." The amended complaint as it pertains to the DOT and OCR merely alleged that "the City, and other named defendants, violated provisions of [WIS. STAT. chs.] 84 and 195" and "skirted statutory requirements." These allegations amounted to legal conclusions—and vague ones at that—which we will not accept as true for purposes of determining the sufficiency of the complaint. *See Data Key Partners*, 356 Wis. 2d 665, ¶19.

¶14 Claim II contains no factual allegations implicating noncompliance with WIS. STAT. §§ 84.05 or 195.29(1) by either the DOT or OCR. Specifically, the amended complaint failed to allege any facts showing any involvement by the DOT or OCR in removing Secors' name from the list of owners affected by the improvements. In fact, as noted above, the amended complaint solely blamed the City for lack of notice to Secors, alleging that the City alone removed Secors' name from the list of owners affected by the improvements, resulting in the lack of notice. Secors' amended complaint alleged no other reason for the lack of notice to Secors,

let alone any reason attributable to the DOT or OCR. Therefore, Secors' Claim II failed to state a claim for which relief could be granted against the DOT or OCR, and the circuit court properly dismissed that claim.

### B. Inverse Condemnation (Claim III) and Takings (Claim IV)

¶15 Secors also argues that Claims III and IV of its amended complaint satisfactorily stated a "constitutional takings claim." In support of its argument that the right to access a public road is a property interest, Secors cites *Stefan Auto Body v. State Highway Commission*, 21 Wis. 2d 363, 370, 124 N.W.2d 319 (1963), and *Schneider v. State*, 51 Wis. 2d 458, 463, 187 N.W.2d 172 (1971). Secors contends that both of those cases support its proposition that "the right of access of an abutting property owner to a public road is a property right incidental to ownership of the abutting land." It is this right of access that Secors suggests on appeal constitutes a "taking" of a property interest without compensation.

¶16 Even assuming that the allegations were sufficient to advance a cause of action based on the government's taking of private property, the circuit court correctly dismissed these claims because the amended complaint focused only on the actions of the City, not on the actions of the DOT or OCR. In Claim III, Secors alleged that "936 Townline Road has been deprived of reasonable access by [the City's] decision to block access to Townline Road, in which decision other named defendants actively participated." From these vague allegations, it is unclear what Secors claims the DOT or OCR did to actively participate in the City's taking decision to block access from Secors' property to Townline Road. Accordingly, the amended complaint is not sufficiently "well pleaded."

¶17 Claim IV merely "restate[d] and re-allege[d] all prior allegations of paragraphs 1 through 53" of the amended complaint, which included those

allegations discussed in Claim III, and then asserted two legal conclusions. However, Secors did not allege in paragraphs 1 through 53 any particular actions by the DOT or OCR to support its takings or inverse condemnation claims against either of those agencies. Absent any alleged action by the DOT or OCR to block Secors' access to Townline Road, Secors' Claims III and IV of its amended complaint do not survive the motions to dismiss, and the circuit court properly dismissed those claims.

### C. Due Process (Claim V)

¶18 Secors next argues that its Claim V sufficiently stated a due process claim against the DOT and OCR. Specifically, Secors alleges that "it is entitled to a right to due process and an opportunity to be heard, it was deprived of that right, and it was harmed as a result of that deprivation."

¶19 Secors' procedural due process claims against the DOT and OCR are analyzed in two steps: (1) "whether there exists a liberty … interest which has been interfered with by the State"; and (2) "whether the procedures attendant upon that deprivation were constitutionally sufficient." *See Casteel v. McCaughtry*, 176 Wis. 2d 571, 579, 500 N.W.2d 277 (1993) (citation omitted). Due process requires that "a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (citation omitted). "All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard' to insure that they are given a meaningful opportunity to present their case." *Id.* at 349 (citation omitted).

¶20 Secors' amended complaint failed the first requirement for alleging a procedural due process claim—that is, a property interest of Secors with which the

9

DOT or OCR has interfered. As explained above, Secors' amended complaint solely focused on the actions that the City took to deprive Secors of its property. The amended complaint did not explain what actions the DOT or OCR took to deprive Secors of its property. Secors was "required to plead 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *See Data Key Partners*, 356 Wis. 2d 665, ¶37 (citation omitted). Secors' amended complaint repeated the legal elements of a due process claim, but it failed to plead facts supporting the application of those legal conclusions—at least with respect to the DOT and OCR. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted). Therefore, the circuit court properly dismissed Secors' Claim V.

### D. Equal Protection (Claim VI)

¶21 Secors argues that Claim VI stated a valid claim against the DOT and OCR under the Equal Protection Clause, and, thus, dismissal was therefore inappropriate. The Equal Protection Clause ensures that people will not be discriminated against with regard to "statutory classification." *Thorp v. Town of Lebanon*, 2000 WI 60, ¶37, 235 Wis. 2d 610, 612 N.W.2d 59 (citation omitted). Here, Secors contends that it was "treated differently than other similarly situated landowners." The amended complaint alleged that Secors "suffered harm" due to the actions by the City and the actions "of the other named defendants." Additionally, Secors alleged that "the City's actions, and the actions of other Defendants, constitute a violation of [Secors'] right to equal protection as applied to the facts of this case and on its face."

¶22 Secors' Claim VI fails for a number of reasons. Secors' amended complaint failed to allege facts showing what the DOT or OCR did to discriminate

against Secors. *See id.*, ¶37. As the amended complaint stands, all that is alleged is that Secors was treated differently than others similarly situated. It did not identify any other landowners or persons similarly situated, nor did it specify what preferential treatment those landowners or persons received from the DOT or OCR that was not provided by the DOT or OCR to Secors. Secors' claim consisted only of legal conclusions, which alone are insufficient to state an equal protection claim. *See Data Key Partners*, 356 Wis. 2d 665, ¶37. The circuit court therefore properly dismissed Claim VI.

### E. Action for Writ of Mandamus (Claim VIII)

¶23 Secors next argues that, under its Claim VIII, the DOT and OCR "had a positive and plain duty under WIS. STAT. § 84.05 to give notice to Secors and hold a public hearing." Secors then contends that it had a right to "participate in a public hearing concerning the proposed charges to the railroad crossing at Townline Road." In its amended complaint, Secors sought "an order of mandamus compelling the responsible party to pay [Secors] for the taking of land and for special damages incurred by [Secors]."

¶24 Mandamus may be used "to compel a public officer to perform a duty of his [or her] office presently due to be performed where there is a clear legal right, a positive and plain duty, substantial damage in the absence of performance, and no other adequate remedy." *State ex rel. Marberry v. Macht*, 2003 WI 79, ¶27, 262 Wis. 2d 720, 665 N.W.2d 155. Secors' claim seeking a writ of mandamus is flawed for a number of reasons.

¶25 First, Claim VIII is essentially a claim for money damages against the DOT and OCR. A request for money damages is not available in an action for mandamus relief. Mandamus is a remedy used to compel a public officer to perform

a prescribed statutory prescribed duty. *Morrissette v. De Zonia*, 63 Wis. 2d 429, 432, 217 N.W.2d 377 (1974). Secors contends Claim VIII is a claim premised on the failure to provide notice, not for the failure to pay money. However, that contention is inconsistent with Secors' amended complaint, in which it demanded "an order of mandamus compelling the responsible party to pay [Secors] for the taking of land and for special damages incurred by [Secors]."

¶26 In addition, and as mentioned above, on appeal Secors asserts that the DOT and OCR had a "positive and plain duty under WIS. STAT. § 84.05 to give notice to Secors and hold a public hearing." However Secors' amended complaint did not demand a writ of mandamus requiring the DOT or OCR to provide notice and hold a public hearing. And Secors' brief on appeal does not raise any argument that the amended complaint actually demanded such relief, so we need not consider its argument in this regard. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Secors' allegations are insufficient to state a claim for mandamus relief, and the circuit court therefore properly dismissed Claim VIII.

*F. Judicial Review under WIS. STAT.§ 227.53 (Claim IX)*

¶27 Secors argues that Claim IX sufficiently stated a claim for judicial review of an OCR decision under WIS. STAT. § 227.53(1). Claim IX sought judicial review of the OCR decision, alleging that Secors' "property rights were significantly affected by the OCR decision." Secors claimed that the purported decision was "erroneous because 'there was no legitimate safety concern' concerning Secors' property and 'any safety concerns could have been addressed by more reasonable alternatives' than taking Secors' property."

¶28 WISCONSIN STAT. § 227.53(1) provides that "any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review of the decision

12

as provided in this chapter." WISCONSIN STAT. § 227.52 states that "[a]dministrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review."

¶29 Claim IX fails because Secors failed to plead facts sufficient to identify *what* adverse OCR decision it sought to challenge under WIS. STAT. § 227.53(1). As noted by the circuit court, the amended complaint "does not identify the date or subject matter of the decision at all." It is not possible to identify from the amended complaint or Secors' brief which OCR decision Secors sought to challenge.

¶30 Secors' brief's appendix on appeal included an OCR hearing determination described as "Final Decision—Office of the Commissioner of Railroads." However, Secors did not file that decision in the circuit court until after the court issued its decision, and it is therefore not part of the record on appeal. We are limited to the record as it comes to us from the circuit court and we may not consider the decision merely included in Secors' appellate appendix after the fact. *See* ***State v. Flynn***, 190 Wis. 2d 31, 46 n.4, 527 N.W.2d 343 (Ct. App. 1994). Additionally, the determination was not attached to, or incorporated by reference in Secors' amended complaint. On our review of a motion to dismiss, we are "limited to the examination of the facts as stated in the complaint." ***Heinritz v. Lawrence Univ.***, 194 Wis. 2d 606, 611, 535 N.W.2d 81 (Ct. App. 1995).

¶31 Secors contends the circuit court should have allowed it to further amend its complaint, presumably to then attach a copy of the OCR decision. There is no record of any Secors' motion to amend its complaint. Secors relies upon ***Jackson v. LIRC***, 2006 WI App 97, ¶2, 293 Wis. 2d 332, 715 N.W.2d 654. In that

case, we held that, under WIS. STAT. § 227.56(3), a circuit court may not "sua sponte dismiss a petition without a motion from the respondent and without the petitioner having at least one opportunity to amend the petition on the terms described." However, the court in the present case did not sua sponte dismiss Secors' amended complaint without Secors having an opportunity to further amend its complaint. The complaint was instead dismissed after the court received and reviewed the motions to dismiss after full briefing on them.

¶32 Additionally, assuming the circuit court should have given Secors an opportunity to amend its complaint to include reference to the subject OCR decision, Secors fails to show how it was prejudiced by the lack of that opportunity. Under WIS. STAT. § 805.18(2), there shall be no relief on appeal "unless in the opinion of the court … after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the [complaining] party." *Amsoil, Inc. v. LIRC*, 173 Wis. 2d 154, 167, 496 N.W.2d 150 (Ct. App. 1992) (quoting § 805.18(2)). An error is prejudicial if we conclude that, but for the error, there probably would have been a different result. *Amsoil*, 173 Wis. 2d at 167. Even if we were to consider the OCR decision, Secors has failed to demonstrate it was aggrieved by it. The OCR decision did not require the closing of Secors' access to Townline Road. That decision only required WCL to take certain additional safety actions. Therefore, Secors has failed to show that it was "aggrieved" by any OCR decision under WIS. STAT. § 227.53(1).

¶33 Finally, even if we are to consider the OCR decision, the request for judicial review was untimely. Under WIS. STAT. § 227.53(1)(a)1. and 2., "petitions for review of contested cases shall be served and filed within 30 days after the service of the decision of the agency upon all parties under [WIS. STAT. §] 227.48." The only decision identified is the OCR decision included in Secors' brief's

appendix. That decision was issued on November 28, 2018. Secors filed its amended complaint against OCR on June 17, 2019. Because Secors' amended complaint was not filed within thirty days of the determination, it was untimely. Secors offers no argument against the untimeliness of its WIS. STAT. ch. 227 claim. For all of these reason, the circuit court properly dismissed Claim IX.

## II. Dismissal as to WCL

### A. Liability of WCL to Secors is Not Implied

¶34  Secors argues that if the City, the DOT, or OCR exercised eminent domain authority, then WCL "would, or at the very least could" be liable because Secors was not provided notice by WCL that OCR could apportion costs between different entities—including to WCL. However, WIS. STAT. § 84.05 provides, in relevant part, that the DOT "shall endeavor to make an arrangement with all persons concerned as to all matters involved in the plan, including the portion of the cost of the contemplated work which the persons shall defray." Similarly, WIS. STAT. ch. 195 twice provides that "the office shall give notice to the parties in interest" regarding petitions to alter railroad crossings. WIS. STAT. §§ 195.29(1), 195.30(1). The "department" and the "office" in those statutes refer to the DOT and OCR, respectively. Accordingly, only the DOT and OCR are required under those statutes to provide notice to potentially interested parties; WCL is not required to do so. Therefore, those statutes do not provide Secors with a basis for a court to imply liability on the part of WCL. Secors does not cite any other legal authority supporting the proposition that WCL was required to provide any notice to Secors regarding the alterations to the railroad crossing at Townline Road.

### B. WCL Is Not a Required Party

¶35    Secors next argues that WCL is a "proper and necessary party" in this lawsuit.  Secors contends that WCL "was a party who showed interest in and actively participated in the administrative hearing."  In support of its argument, Secors cites only to WIS. STAT. § 227.53(1)(a)2. and (1)(c).

¶36    Secors' argument is misplaced.  Under WIS. STAT. § 227.53(2), it is WCL's right to intervene if it so choses:

> Every person served with the petition for review as provided in this section and *who desires to participate in the proceedings for review* thereby instituted shall serve upon the petitioner, within 20 days after service of the petition upon such person, a notice of appearance clearly stating the person's position with reference to each material allegation in the petition and to the affirmance, vacation or modification of the order or decision under review.

Sec. 227.53(2) (emphasis added).  In these proceedings, WCL could have participated, but it has chosen not to, and it is not a required party under statute.  The circuit court properly dismissed WCL as a party to this action.

### C. WCL's Dismissal Is Without Prejudice

¶37    Secors argues that the dismissal of its claims against WCL should be without prejudice.  The circuit court did not expressly state whether the dismissal was with or without prejudice.  Generally, when a dismissal for failure to state a claim does not specify whether it is with or without prejudice the dismissal should not be treated as a bar to the filing of the subsequent complaint. ***State ex rel. Schatz v. McCaughtry***, 2003 WI 80, ¶36, 263 Wis. 2d 83, 664 N.W.2d 596.  Therefore, we construe the dismissal to be without prejudice.

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.